FILED

MAR 16 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Ronald Wilcox, State Bar No. 176601
Attorney at Law
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

O. Randolph Bragg, IL Bar No. 6221983
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 E. Washington St., Suite 900
Chicago, IL 60602
Tel: (312) 372-8822
Fax: (312) 372-1673

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BRIAN CASTILLO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMPERIAL MERCHANT SERVICES D.B.A. CHECK RECOVERY SYSTEMS, INC.,<br><br>Defendant. | CASE NO. C06-02037 PVT<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1.  Defendant Imperial Merchant Services D.B.A. Check Recovery Systems, Inc. is a debt collector that attempts to gouge customers with unlawful interest while collecting dishonored checks.

Page 1

2. Plaintiff seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is appropriate in this District as all relevant events took place here.

## III. PARTIES

4. Plaintiff Brian Castillo resides in San Jose, California, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Imperial Merchant Services d.b.a. Check Recovery Systems, Inc. ("Defendant") is a foreign corporation in the business of collecting consumer debts. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV. FACTS

6. On or about March 17, 2005, Defendant caused to be mailed to Plaintiff a letter regarding a check written to Safeway in the amount of $276.36. Defendant's March 17, 2005 letter is attached hereto as **Exhibit 1**.

7. **Exhibit 1** states:

   **ACCOUNT IDENTIFICATION**
   Account:        16*SAF700*211878*--
   Ref.#:          14035484
   Creditor:       Safeway
   Amount Due: $310.35

8. **Exhibit 1** itemizes the alleged debt as:

   Principal: $276.36

Page 2

```
Interest:       $8.99
Misc:           $25.00
Amount Due:     $310.35
Amount Enclosed: _____
```

9.  On or about December 2, 2005, Defendant caused to be mailed to Plaintiff another letter regarding a check written to Safeway in the amount of $276.36. Defendant's December 2, 2005 letter is attached hereto as **Exhibit 2**.

10. **Exhibit 2** states:

**ACCOUNT IDENTIFICATION**
```
Account:     16*SAF700*211878*--
Ref.#:       14035484
Creditor:    Safeway
Amount Due:  $331.79
```

11. **Exhibit 2** itemizes the alleged debt as:

```
Principal:      $276.36
Interest:       $30.43
Misc:           $25.00
Amount Due:     $331.79
Amount Enclosed: _____
```

12. The "**Interest**" demanded in **Exhibits 1 and 2** are not authorized by any law or created by the contract creating the alleged debt.

13. Members of the class have incurred actual damages by payment of the amounts sought by Defendant in addition to the amount of the check.

## V. CLASS ALLEGATIONS

14. Plaintiff brings the class action on behalf of (i) all residents of the state of California (ii) who were sent a letters in the form of **Exhibit 1 and/or 2** (iii) in an attempt to collect a debt resulting from a dishonored check written to Safeway (iv) which, according to the nature of the creditor or the debt, or the records of the payee or Defendant, was written for personal, family, or household purposes (v) which was not returned as undelivered by the U.S. Post Office (vi) during the one year prior to the filing of this Class Action Compaint through the date of class certification.

15. The class is so numerous that joinder of all members is impracticable. On information and belief, the class includes at least one hundred class members.

16. There are questions of law and fact common to the class, including:

   a. Defendant sent all of the class members a letter in the form of **Exhibit 1 and/or 2**;

   b. The common issues or questions of law are:

      i. whether Defendant is a debt collector pursuant to 15 U.S.C. § 1692a(6);

      ii. whether Defendant used any false, deceptive, or misleading representation or means in connection with the collection of any debt;

      iii. whether Defendant falsely represented the character, amount, or legal status of any debt;

      iv. whether Defendant used unfair or unconscionable means to collect or attempt to collect ay debt; and

      v. whether Defendant collected or sought to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

17. All claims of the Plaintiff and the class are based on the same facts and legal theories.

18. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling class actions and FDCPA claims. Plaintiff and his counsel have no interests which may conflict with the interests of the class.

19. Certification of the class under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that:

   a. The questions of law and fact common to the members of the classes predominate over any questions affecting an individual member; and

    b. a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Certification of the class under Federal Rule of Civil Procedure 23(b)(2) is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory and equitable relief with respect to the class as a whole.

21. Plaintiff requests certification of a hybrid class combining the elemenst of Federal Rules of Civil Procedure 23(b)(3) for monetary damages and 23(b)(2) for equitable relief.

## VI. FIRST CLAIM FOR RELIEF
### (Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

22. Defendant's violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, include, but are not limited to the following:

  a. using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

  b. falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

  c. using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

  d. collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

23. Plaintiff and the class seek statutory and actual damages pursuant to the FDCPA.

24. Plaintiff and the class seek costs and reasonable attorney's fees pursuant to the FDCPA.

## VIII. REQUEST FOR RELIEF

Plaintiff Brian Castillo requests that this Court grant the following relief in favor of himself and the class he seeks to represent and against Defendant Check Recovery Systems, Inc., for:

    A.    Declaratory judgment that Defendant's practices violates the FDCPA;

    B.    Actual damages pursuant to 15 U.S.C. § 1692k;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    E.    Such other and futher relief as this Court deems just and reasonable.

## IV. JURY DEMAND

Plaintiff Brian Castillo hereby demands that all claims herein be tried before a jury.

Dated: 3/15/06

_____
Ronald Wilcox
Attorney at Law
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC., LTD.
25 E. Washington St., Suite 900
Chicago, IL 60602
Tel: (312) 372-8822
Fax: (312) 372-1673

ATTORNEYS FOR PLAINTIFF

# Exhibit 1

**CHECK RECOVERY SYSTEMS**
PO Box 45405
Los Angeles, CA  90045-0274
(310) 636-1001    (800) 632-4001

**ACCOUNT IDENTIFICATION**
Account:      16*SAF700*211878*--
Ref.#:         14035484
Creditor:      Safeway
Amount Due:   $310.35

PO Box 45405
Los Angeles, CA  90045-0274



March 17, 2005

16*SAF700*211878*--           0004085/0014
Brian J Castillo
71 S Claremont Ave
San Jose, CA 95127-2453

Dear Brian J Castillo:

**IMPORTANT:** Your returned check(s), written to our client(s) shown above, has been assigned to this office for collection

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: (1) obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification, and (2) provide you with the name and address of the original creditor, if different from the current creditor.

This notice has been sent to you by a collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  If paid in full to this office, all collection activity will cease.

---

**\*\* Detach and Return with Payment \*\***

Make checks payable and send to:
**Check Recovery Systems**



Principal: $276.36
Interest: $8.99
Misc: $25.00
Amount Due: $310.35
Amount Enclosed: _____

Account No.: 16*SAF700*211878*--
Ref.#: 14035484
Creditor: Safeway
Name: Brian J Castillo

CHECK RECOVERY SYSTEMS
PO BOX 45405
LOS ANGELES, CA  90045-0274

CR

# Exhibit 2

**CHECK RECOVERY SYSTEMS**
PO Box 45405
Los Angeles, CA 90045-0274
(310) 636-1001    (800) 632-4001



PO Box 45405
Los Angeles, CA 90045-0274

**ACCOUNT IDENTIFICATION**
Account:     16*SAF700*211878*--
Ref.#:       14035484
Creditor:    Safeway
Amount Due:  $331.79

December 02, 2005

16*SAF700*211878*--           0002012/0006
Brian J Castillo
71 S Claremont Ave
San Jose, CA 95127-2453

Dear Brian J Castillo:

Obviously you don't realize the value of your credit rating! If you did realize how valuable a good credit record is, you would have paid the returned check referenced above or contacted us to discuss this delinquent matter.

This negative mark will stay on your credit record for seven years! We suggest you contact us before attempting to apply for credit. This item may stop creditors such as the following from granting you credit:

    A. Automobile Dealers    C. Housing Rental Agencies
    B. Finance Companies    D. Retail Chains

Need to continue? Do yourself a favor - pay this obligation today or contact our office to discuss your account!

Sincerely,
Check Recovery Systems

This notice has been sent to you by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If paid in full to this office, all collection activity will cease.

---

**\*\* Detach and Return with Payment \*\***

Make checks payable and send to:
**Check Recovery Systems**



Principal: $276.36
Interest: $30.43
Misc: $25.00
Amount Due: $331.79
Amount Enclosed: _____

Account No.: 16*SAF700*211878*--
Ref.#: 14035484
Creditor: Safeway
Name: Brian J Castillo

CHECK RECOVERY SYSTEMS
PO BOX 45405
LOS ANGELES, CA 90045-0274

121