1  LAW OFFICES OF CLARK GAREN
   CLARK GAREN, CALIFORNIA BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  TELEPHONE: (760) 323-4901
   FAX:       (760) 288-4080
4
   ATTORNEYS FOR DEFENDANT
5  CHECK RECOVERY SYSTEMS, INC.

**FILED**

**MAY 0 1 2006**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  BRIAN CASTILLO, on behalf of himself   ) Case No. C 06 02037 PV
    and all others similarly situated,     )
12                                         )
                        Plaintiff,         ) ANSWER TO CLASS
13                                         ) ACTION COMPLAINT
    -vs-                                   )
14                                         ) JURY TRIAL DEMANDED
    IMPERIAL MERCHANT SERVICES D.B.A.      )
15  CHECK RECOVERY SYSTEMS, INC.,          )
    et. al.,                              )
16                                         )
                        Defendants.        )
17  _____)



18
19      COMES NOW DEFENDANT IMPERIAL MERCHANT SERVICES, a California
20  corporation, doing business as CHECK RECOVERY SYSTEMS and answers
21  the allegations of Plaintiff's Complaint as follows:
22      1. In answer to the allegations contained in Paragraph 1, this
23  answering defendant admits that it is a debt collector under the
24  Federal Fair Debt Collection Practices Act and it denies each and
25  every allegation contained therein.
26      2. In answer to the allegations contained in Paragraph 2, this
27  answering defendant admits each and every allegation contained
28  therein.

- 1 -

1    3. In answer to the allegations contained in Paragraph 3, this
2  answering Defendant denies that this Court has jurisdiction and
3  venue over this claim.   By way of further answer, defendant
4  affirmatively alleges that on April 19, 2006, this answering
5  defendant filed an adversary proceeding in the United States
6  Bankruptcy Court for the Northern District of California in the
7  case of BRIAN CASTILLO, Bankrupt filed as Bankruptcy Case Number:
8  06-50075 MM and Adversary Case Number: 065111 DM. Said adversary
9  proceeding seeks a judgment that the debt which is the subject of
10 this action is not a dischargeable debt under 11 U.S.C.
11 523(a)(2)(B) and 11 U.S.C. 523(a)(2)(B). Any judgment entered in
12 said adversary proceeding will necessarily determine whether
13 Plaintiff owes interest on the debt owed to Defendant. The United
14 States Bankruptcy Court has exclusive jurisdiction over these
15 matters because determining dischargeability issues is a core
16 proceeding, and any proceedings in this case in this Court would
17 usurp the jurisdiction of the United States Bankruptcy court. This
18 Court should therefore either dismiss this action or stay all
19 proceedings until a final determination of these issues is made by
20 the United States Bankruptcy Court for the Northern District of
21 California.

22    4. In answer to the allegations contained in Paragraph 4, this
23 answering defendant admits each and every allegation contained
24 therein.

25    5. In answer to the allegations contained in Paragraph 5, this
26 answering defendant denies that Defendant Imperial Merchant
27 Services, Inc., D.B.A. Check Recovery Services, Inc. is a foreign
28 corporation. By way of further answer, this answering defendant

- 2 -

1  affirmatively alleges that IMPERIAL MERCHANT SERVICES, a
2  California corporation, doing business as CHECK RECOVERY SYSTEMS,
3  is a California corporation in the business of collecting consumer
4  debts. Defendant admits each and every other allegation contained
5  in said paragraph.

6      6. In answer to the allegations contained in Paragraph 6, this
7  answering defendant admits each and every allegation contained in
8  Paragraph 6.

9      7. In answer to Paragraph 7, this answering defendant admits
10  each and every allegation contained in Paragraph 7.

11     8. In answer to Paragraph 8, this answering defendant admits
12  each and every allegation contained in paragraph 8.

13     9. In answer to Paragraph 9, this answering defendant admits
14  each and every allegation contained in Paragraph 9.

15     10. In answer to Paragraph 10, this answering defendant admits
16  each and every allegation contained in Paragraph 10.

17     11. In answer to Paragraph 11, this answering defendant admits
18  each and every allegation contained in Paragraph 11.

19     12. In answer to the allegations contained in Paragraph 12,
20  this answering defendant denies each and every allegation
21  contained therein. By way of further answer, this answering
22  defendant affirmatively alleges that Plaintiff was indebted to
23  Defendants assignor, Safeway, on a common count for goods, wares,
24  and merchandise received, which debt was evidenced by a check
25  returned unpaid by Plaintiff's bank marked "NSF", and that
26  *California Civil Code Sections* 3303 and 3287 provide for interest
27  in the amount of 10% per annum on common counts for goods, wares,
28  and merchandise. By way of further answer, defendants further deny

- 3 -

1    that *California Civil Code Section* 1719, or any other provision of
2    California law, prohibits a charge for interest on a check that
3    has been returned unpaid by the maker's bank marked "N.S.F."

4        13. In answer to the allegations contained in Paragraph 13,
5    this  answering  defendant  denies  each  and  every  allegation
6    contained therein. By way of further answer, this answering
7    defendant affirmatively alleges that Plaintiff has paid nothing on
8    the debt which is the subject of this action;  that the debt which
9    is the subject of this action has been discharged by Plaintiff in
10   a bankruptcy proceeding, and that Plaintiff is therefore not
11   subject to any additional collection efforts. Since Plaintiff is
12   no longer obligated on this debt, Plaintiff does not have standing
13   to represent the class because the Plaintiff is no longer subject
14   to the debt or damages.

15       14. In answer to the allegations contained in Paragraph 14,
16   this  answering  defendant  denies  each  and  every  allegation
17   contained therein. By way of further answer, this answering
18   defendant affirmatively alleges that Plaintiff has paid nothing on
19   the debt which is the subject of this action;  that the debt which
20   is the subject of this action has been discharged by Plaintiff in
21   a bankruptcy proceeding, and that Plaintiff is therefore not
22   subject to any additional collection efforts. Since Plaintiff is
23   no longer obligated on this debt, Plaintiff does not have standing
24   to represent the class because the Plaintiff is no longer subject
25   to the debt or damages.

26       15. In answer to the allegations contained in Paragraph 15,
27   this  answering  defendant  denies  each  and  every  allegation
28   contained therein. By way of further answer, this answering

defendant affirmatively alleges that Plaintiff has paid nothing on the debt which is the subject of this action; that the debt which is the subject of this action has been discharged by Plaintiff in a bankruptcy proceeding, and that Plaintiff is therefore not subject to any additional collection efforts. Since Plaintiff is no longer obligated on this debt, Plaintiff does not have standing to represent the class because the Plaintiff is no longer subject to the debt or damages.

16. In answer to the allegations contained in Paragraph 16, defendant denies each and every allegation contained therein. By way of further answer, this answering defendant affirmatively alleges that Plaintiff has paid nothing on the debt which is the subject of this action; that the debt which is the subject of this action has been discharged by Plaintiff in a bankruptcy proceeding, and that Plaintiff is therefore not subject to any additional collection efforts. Since Plaintiff is no longer obligated on this debt, Plaintiff does not have standing to represent the class because the Plaintiff is no longer subject to the debt or damages.

17. In answer to the allegations contained in Paragraph 17, defendant denies each and every allegation contained therein. By way of further answer, this answering defendant affirmatively alleges that Plaintiff has paid nothing on the debt which is the subject of this action; that the debt which is the subject of this action has been discharged by Plaintiff in a bankruptcy proceeding, and that Plaintiff is therefore not subject to any additional collection efforts. Since Plaintiff is no longer obligated on this debt, Plaintiff does not have standing to

1  represent the class because the Plaintiff is no longer subject to
2  the debt or damages.

3      18. In answer to the allegations contained in Paragraph 18,
4  defendant denies each and every allegation contained therein. By
5  way of further answer, this answering defendant affirmatively
6  alleges that Plaintiff has paid nothing on the debt which is the
7  subject of this action;  that the debt which is the subject of
8  this action has been discharged by Plaintiff in a bankruptcy
9  proceeding, and that Plaintiff is therefore not subject to any
10 additional collection efforts. Since Plaintiff is no longer
11 obligated on this debt, Plaintiff does not have standing to
12 represent the class because the Plaintiff is no longer subject to
13 the debt or damages.

14     19. In answer to the allegations contained in Paragraph 19,
15 defendant denies each and every allegation contained therein. By
16 way of further answer, this answering defendant affirmatively
17 alleges that Plaintiff has paid nothing on the debt which is the
18 subject of this action;  that the debt which is the subject of
19 this action has been discharged by Plaintiff in a bankruptcy
20 proceeding, and that Plaintiff is therefore not subject to any
21 additional collection efforts. Since Plaintiff is no longer
22 obligated on this debt, Plaintiff does not have standing to
23 represent the class because the Plaintiff is no longer subject to
24 the debt or damages.

25     20. In answer to the allegations contained in Paragraph 20,
26 defendant denies each and every allegation contained therein. By
27 way of further answer, this answering defendant affirmatively
28 alleges that Plaintiff has paid nothing on the debt which is the

1  subject of this action; that the debt which is the subject of
2  this action has been discharged by Plaintiff in a bankruptcy
3  proceeding, and that Plaintiff is therefore not subject to any
4  additional collection efforts. Since Plaintiff is no longer
5  obligated on this debt, Plaintiff does not have standing to
6  represent the class because the Plaintiff is no longer subject to
7  the debt or damages.

8      21. In answer to the allegations contained in Paragraph 21,
9  defendant denies each and every allegation contained therein. By
10 way of further answer, this answering defendant affirmatively
11 alleges that Plaintiff has paid nothing on the debt which is the
12 subject of this action; that the debt which is the subject of
13 this action has been discharged by Plaintiff in a bankruptcy
14 proceeding, and that Plaintiff is therefore not subject to any
15 additional collection efforts. Since Plaintiff is no longer
16 obligated on this debt, Plaintiff does not have standing to
17 represent the class because the Plaintiff is no longer subject to
18 the debt or damages.

19     22. In answer to the allegations contained in Paragraph 22,
20 this answering defendant denies each and every allegation
21 contained therein. By way of further answer, this answering
22 defendant affirmatively alleges that Plaintiff was indebted to
23 Defendants assignor, Safeway, on a common count for goods, wares,
24 and merchandise received, which debt was evidenced by a check
25 returned unpaid by Plaintiff's bank marked "NSF", and that
26 *California Civil Code Sections* 3303 and 3287 provide for interest
27 in the amount of 10% per annum on common counts for goods, wares,
28 and merchandise. By way of further answer, defendants further deny

1   that *California Civil Code Section* 1719, or any other provision of
2   California law, prohibits a charge for interest on a check that
3   has been returned unpaid by the maker's bank marked "N.S.F."

4       23. In answer to the allegations contained in Paragraph 23,
5   defendant denies each and every allegation contained therein. By
6   way of further answer, this answering defendant affirmatively
7   alleges that Plaintiff has paid nothing on the debt which is the
8   subject of this action;  that the debt which is the subject of
9   this action has been discharged by Plaintiff in a bankruptcy
10  proceeding, and that Plaintiff is therefore not subject to any
11  additional collection efforts. Since Plaintiff is no longer
12  obligated on this debt, Plaintiff does not have standing to
13  represent the class because the Plaintiff is no longer subject to
14  the debt or damages.

15      24. In answer to the allegations contained in Paragraph 24,
16  defendant denies each and every allegation contained therein. By
17  way of further answer, this answering defendant affirmatively
18  alleges that Plaintiff has paid nothing on the debt which is the
19  subject of this action;  that the debt which is the subject of
20  this action has been discharged by Plaintiff in a bankruptcy
21  proceeding, and that Plaintiff is therefore not subject to any
22  additional collection efforts. Since Plaintiff is no longer
23  obligated on this debt, Plaintiff does not have standing to
24  represent the class because the Plaintiff is no longer subject to
25  the debt or damages.

26                    **FIRST AFFIRMATIVE DEFENSE**

27      21. On April 19, 2006, this answering defendant filed an
28  adversary proceeding in the United States Bankruptcy Court for the

- 8 -

1  Northern District of California in the case of BRIAN CASTILLO,
2  Bankrupt filed as Bankruptcy Case Number: 06-50075 MM and
3  Adversary Case Number: 065111 DM. Said adversary proceeding seeks
4  a judgment that the debt which is the subject of this action is
5  not a dischargeable debt under 11 U.S.C. 523(a)(2)(B) and
6  11 U.S.C. 523(a)(2)(B). Any judgment entered in said adversary
7  proceeding will necessarily determine whether Plaintiff owes
8  interest on the debt owed to Defendant. The United States
9  Bankruptcy Court has exclusive jurisdiction over these matters
10  because determining dischargeability issues is a core proceeding,
11  and any proceedings in this case in this Court would usurp the
12  jurisdiction of the United States Bankruptcy court. This Court
13  should therefore either dismiss this action or stay all
14  proceedings until a final determination of these issues is made by
15  the United States Bankruptcy Court for the Northern District of
16  California.

17  **SECOND AFFIRMATIVE DEFENSE**

18  23. The Plaintiff's action is barred by the Statute of
19  Limitations.

20  **THIRD AFFIRMATIVE DEFENSE**

21  24. Defendants assert that Plaintiff's claims are barred in
22  whole or in part because defendants were privileged to engage in
23  each of the actions herein complained of.

24  **FOURTH AFFIRMATIVE DEFENSE**

25  25. Plaintiff has filed this claim in bad faith or for
26  purposes of harassment, and defendants are therefore entitled to
27  attorneys' fees reasonable in relation to the work expended and
28  costs.

- 9 -

**FIFTH AFFIRMATIVE DEFENSE**

26. Defendant is excused from any liability to Plaintiff pursuant to the provisions of 15 U.S.C. 1692k because a preponderance of the evidence will show that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SIXTH AFFIRMATIVE DEFENSE**

27. On December 5, 2006, a case entitled BRANDY HUNT, on behalf of herself and all others similarly situated, Plaintiff, vs. CHECK RECOVERY SYSTEMS, was filed in the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, as CASE NUMBER C 05 4993 MJJ. This case is filed as a class action lawsuit against the same defendant and is based on the identical theory of liability as the action pending before this Court. Both actions cannot proceed as a class action.

W H E R E F O R E, Defendant prays judgment, according to proof, as follows:

1. That judgment herein be awarded to Defendant;

2. That Plaintiff take nothing by way of her Complaint;

3. For reasonable attorney fees;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

- 10 -

Dated: APRIL 27, 2006


LAW OFFICES OF CLARK GAREN

BY

_____
CLARK GAREN,
ATTORNEY FOR DEFENDANT
IMPERIAL MERCHANT SERVICES, INC.,
d/b/a CHECK RECOVERY SYSTEMS




                    DEMAND FOR JURY TRIAL

    DEFENDANT    IMPERIAL    MERCHANT    SERVICES,    a    California
corporation, doing business as CHECK RECOVERY SYSTEMS, incorrectly
sued herein as CHECK RECOVERY SYSTEMS, INC. hereby demands trial
by jury.

    APRIL 27, 2006


                        LAW OFFICES OF CLARK GAREN

                        BY

                        _____
                        CLARK GAREN,
                        ATTORNEY FOR DEFENDANT
                        IMPERIAL MERCHANT SERVICES, INC.,
                        d/b/a CHECK RECOVERY SYSTEMS

PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA                    )
COUNTY OF RIVERSIDE                    )  S.S.

    I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258

    On APRIL 27, 2006, I served the within ANSWER TO COMPLAINT on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at NORTH PALM SPRINGS, CALIFORNIA addressed as follows:

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
SUITE F, FIRST FLOOR,
SAN JOSE, CALIFORNIA 95126

O. RANDOLPH BRAGG, II,
HORWITZ, HORWITZ & ASSOCIATES, LTD.,
25 EAST WASHINGTON STREET,
SUITE 900,
CHICAGO, ILLINOIS 60602

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

    EXECUTED ON APRIL 27, 2006 AT NORTH PALM SPRINGS, CALIFORNIA

_____
CLARK GAREN, DECLARANT