1  LAW OFFICES OF CLARK GAREN,
   CLARK GAREN, CALIF. BAR #50564
2  P. O. BOX 1790,
   PALM SPRINGS, CALIFORNIA 92263
3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
   TELEPHONE:     (760) 323-4901
4  Fax:           (760) 288-4080
   E-MAIL: clarkgaren@msn.com
5
   ATTORNEYS FOR PLAINTIFFS
6  IMPERIAL MERCHANT SERVICES, a California
   corporation, doing business as
7  CHECK RECOVERY SYSTEMS

8                  UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
   BRIAN CASTILLO, on behalf of      )   Case No. C 06 02037 MJJ
11 himself and all others similarly  )
   situated,                         )   NOTICE OF MOTION BY
12              Plaintiff,            )   DEFENDANT FOR SUMMARY
                                      )   JUDGMENT UNDER FRCP 56;
13                                    )   NOTICE OF MOTION FOR
   -vs-                               )   ENTRY OF PARTIAL
14                                    )   JUDGMENT UNDER FRCP 54b;
                                      )   NOTICE OF MOTION FOR
15 IMPERIAL MERCHANT SERVICES D.B.A.  )   CERTIFICATION OF
   CHECK RECOVERY SYSTEMS, INC.,      )   IMMEDIATE APPEAL UNDER
16                                    )   28 U.S.C. 1292(b);
                                      )   MEMORANDUM OF POINTS
17              Defendants.           )   AND AUTHORITIES
                                      )
18                                    )   Date:    July 25, 2006
                                      )   Time 9:30 A.M.
19 _____)   Place:   Courtroom 11

20      TO PLAINTIFF BRIAN C CASTILLO, on behalf of himself and

21 others similarly situated and to RONALD WILCOX; O. RANDOLPH

22 BRAGG; AND HORWITZ, HORWITZ & ASSOCIATES, his attorneys of

23 record:

24      PLEASE TAKE NOTICE THAT on JULY 25, 2006 at the hour of 9:45

25 A.M. in Courtroom 11 of the above-entitled Court, Defendant will

26 move the Court for entry of Summary Judgment in favor of

27 Defendant and against Plaintiff under F.R.C.P. 56(b) because:

28      1. Defendant is entitled to collect both interest and a

1  service charge on dishonored checks in the State of California;

2      2. Defendant is entitled to collect both interest and a

3  service charge on an oral contract and on common count evidenced

4  by a dishonored check;

5      3. Defendant is excused from any liability to Plaintiff

6  pursuant to the provisions of 15 U.S.C. 1692k.

7      PLEASE TAKE FURTHER NOTICE THAT Defendant will move the

8  Court to enter a Partial Judgment under FRCP 54(b) that can be

9  immediately appealed, or, alternatively, to certify its ruling on

10  this motion for an immediate appeal in accordance with the

11  provisions of 28 U.S.C. 1292(b).

12              **MEMORANDUM OF POINTS AND AUTHORITIES**

13                       **TABLE OF CONTENTS**

| CHAPTER | TITLE | PAGE |
|---------|-------|------|
| I | STATEMENT OF THE CASE | 5 |
| II | STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT | 6 |
| III | *CALIFORNIA CIVIL CODE SECTION* 1719 | 7 |
| IV | CALIFORNIA LAWS ON INTEREST | 7 |
| V | RULES FOR INTERPRETATION OF STATUTES IN CALIFORNIA | 8 |
| VI | THERE IS NO BINDING PRECEDENT DETERMINING WHETHER PRE-JUDGMENT INTEREST MAY BE RECOVERED IN ADDITION TO THE REMEDIES AVAILABLE UNDER *CALIFORNIA CIVIL CODE SECTION* 1719 | 9 |
| VII | THE LEGISLATIVE HISTORY OF *CALIFORNIA CIVIL CODE SECTION* 1719 SHOWS A LEGISLATIVE INTENT TO ALLOW THE RECIPIENT OF A DISHONORED CHECK TO RECOVER ALL DAMAGES SUSTAINED | 10 |
| VIII | PRE-JUDGMENT INTEREST IS AN ELEMENT OF DAMAGES | 11 |

1

TABLE OF CONTENTS (Continued)

2  **CHAPTER**          **TITLE**                                        **PAGE**

3  IX          THE CALIFORNIA SUPREME COURT ORDERED
            THAT PRE-JUDGMENT INTEREST IS TO BE
4            AWARDED WHEN THE STATUTE IS
            SILENT ON INTEREST                                12
5
6  X           A STATUTE MUST BE ANALYZED IN THE
            CONTEXT OF ALL THE OTHER LAWS                     13

7  XI          INTEREST IS AWARDED ON
            LIQUIDATED DAMAGE AWARDS                          13
8
   XII         ARGUMENT                                         14
9
   XIII        PLAINTIFF CREATED THREE THEORIES
10            OF RECOVERY BY A SINGLE WRONG.
            THE FIRST THEORY OF RECOVERY
11            WAS UNDER *CALIFORNIA CIVIL CODE* 1719
            FOR ISSUING A DISHONORED CHECK;
12            THE SECOND THEORY OF RECOVERY WAS
            FOR A BREACH OF THE CONTRACT
13            EVIDENCED BY THE DISHONORED CHECK;
            A THIRD THEORY OF RECOVERY WAS FOR
14            THE COMMON COUNT OF GOODS, WARES,
            AND MERCHANDISE HAD AND RECEIVED
15            BY THE PLAINTIFF                                 15

16  XIV        EFFECT OF ALTERNATIVE REMEDIES                  17

17  XV         *CIVIL CODE* §1719 TREBLE DAMAGE
            PROVISION IS NOT RELEVANT TO THIS CASE   18
18
   XVI        DEFENDANT WOULD NOT RECEIVE A
19            DOUBLE OR MULTIPLE RECOVERY                      19

20  XVII       *CALIFORNIA CIVIL CODE SECTION* 1719
            IS NOT THE EXCLUSIVE REMEDY FOR
21            A DISHONORED CHECK                               19

22  XVIII      PLAINTIFF IS EXCUSED FROM LIABILITY
            UNDER 15 U.S.C. 1692k                            21
23
   XIX        REQUEST FOR PARTIAL JUDGMENT UNDER
24            FRCP 54(b) OR CERTIFICATION FOR
            IMMEDIATE APPEAL UNDER
25            18 U.S.C. 1291(b)                               23

26  XX         CONCLUSION                                       24

27

28

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES:**                                          **PAGE**

3
*Anderson vs. Liberty Lobby Inc.,*
4   477 U.S. 242, 248-252, 106 S. Ct. 1505,
2520-2522, 91 L. Ed. 2d 202 (1986)             7

5   *Department of Commerce vs. U. S. House of*
*Representatives,* 525 U.S. 316, 327, 119
6   S. Ct. 765, 772, 142 L.Ed. 2d. 797 (1999)     7

7   *Irwin v. Mascott,* (2000),
112 F. Supp. 2d 937, 956                       12
8
*Palmer vs. Stassinos,* (2004),                6, 10, 18, 19, 20,
9   348 F. Supp. 2d 1070,                          22

10  *Ruby Joseph vs. J. J. Mac Intyre*
*Companies,* 238 F. Supp 2d. 1158, 1163-1164   10,
11
*Wichita Eagle and Beacon Publishing*
12  *Company, Inc. v. Pacific National Bank of*
*San Francisco,* (1974), 493 F.2d 1285, 1287   14
13
**FEDERAL STATUTES:**
14
15 U.S.C. 1692f(1)                             6, 17,
15
15 U.S.C. 1692k                                22, 23
16
28 U.S.C. 1291(b)                              23, 24
17
**STATE CASES:**
18
*Curie vs. Workmen's Compensation*
19  *Appeals Board,* (2001), 24 Cal. 4th 1109,     13

20  *Dyna-Med, Inc. vs. Fair Employment and*
*Housing Com.,* (1987), 43 Cal. 3d 1379,       8
21
*Kaufman & Broad vs. City &*
22  *Surburban Mortgage Co.,* (1970),
10 Cal. App.3d 206, 215, 88 Cal.Rptr. 858,    16
23
*Lara vs. Board of Supervisors,* (1976),
24  59 Cal. App. 3d 399, 408-409,                  9

25  *Tripp vs. Swoap,* (1976),
17 Cal. 3d 672, 679, 131 Cal. Rptr. 789,      13, 14
26
**STATE STATUTES:**
27
*California Civil Code Section* 1719 5, 6, 7, 9, 13, 14, 17, 18,
28                                    19, 20, 21, 22, 23

TABLE OF AUTHORITIES (Continued)

**STATE STATUTES:**                          **PAGE**

*California Civil Code Section* 3302         8

*California Civil Code Section* 3287         8, 9, 13, 14, 19

**FEDERAL RULES:**

F.R.C.P. Rule 54(b)                          23, 24

F.R.C.P. Rule 56(b)                          7, 24

**OTHER AUTHORITIES:**

4, *Witkin, California Procedure,*
*4th Edition* 618                       16,

**I**
**STATEMENT OF THE CASE**

What did the legislature intend when it enacted *Civil Code* §1719? Did the legislature intend that dishonored checks bear interest in addition to the charges levied under the statute or did the legislature intend to force the victim of a dishonored check writer to give the check writer an interest free loan?

To determine the legislative intent, the problem legislature wanted to solve must be identified. A person who pays for goods, wares, and merchandise from a merchant with a dishonored check is, in effect, committing a robbery. The only difference between the robber and the dishonored check writer is that the robber uses a gun, while the dishonored check writer uses a ball point pen. Both steal goods, wares, and merchandise from the merchant without paying for them.

*Civil Code* §1719 itself is silent on whether interest is allowed. Plaintiff claims silence means the legislature intended to reward the wrongful behavior of the dishonored check writer

1  with an interest free loan at the expense of the victim (*Palmer*

2  *vs. Stassinos*, (2004), 348 F. Supp. 2d 1070, 1078). Defendant

3  claims the legislature intended to require the dishonored check

4  writer to make full and complete restitution to the victim for

5  the check writer's wrongful behavior, including the payment of

6  interest on the debt. After all, interest is just rent for the

7  use of someone else's money!

8      The facts in this case are undisputed. Plaintiff purchased

9  goods, wares, and merchandise from PACK 'N Save for $276.36, and

10 paid for them with a dishonored check. The dishonored check was

11 returned to PACK 'N SAVE by Plaintiff's bank marked "not

12 sufficient funds". PACK 'N SAVE added the $25.00 service charge

13 permitted by *Civil Code* §1719. When Plaintiff failed to pay PACK

14 'N SAVE anything, PACK 'N SAVE assigned the claim against

15 Plaintiff for goods, wares, and merchandise evidenced by the

16 dishonored check to Defendant.

17     Defendant sent Plaintiff notices. All the notices sought to

18 collect the amount of the N.S.F. check ($276.36), the $25.00

19 service fee, and interest on the check at the legal rate. There

20 was no other exchange between Plaintiff and Defendant.

21     Plaintiff claims the notice violates 15 *U.S.C.* 1692f(1)

22 because he claims Defendant cannot impose **both** the service charge

23 permitted by *Civil Code* §1719 **and** charge for interest.

24      Plaintiff has filed for bankruptcy protection, having paid

25 nothing to either Defendant or its assignor. Therefore, Plaintiff

26 has no further obligation on this debt, and no risk of further

27 collection activity.

28

1

## II
## STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, **at any time**, move with or without supporting affidavits for a summary judgment in the party's favor as well as to all or any part thereof."

*F.R.C.P. Rule* 56(b)

Summary Judgment is to be rendered forthwith when one party is unable to show a genuine issue as to a material fact on which that party will bear the burden of proof at trial. (*Department of Commerce vs. U.S. House of Representatives*, 525 U.S. 316, 327, 119 S. Ct. 765, 772, 142 L. Ed. 2d. 797 (1999). A genuine issue of fact exists when the evidence before the court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party. There must be evidence upon which a jury could reasonably find in the non-moving party's favor. (*Anderson vs. Liberty Lobby Inc.,* 477 U. S. 242, 248-252, 106 S. Ct. 2505, 2520-2512, 91 L. Ed. 2d. 202 (1986).

## III
## *CALIFORNIA CIVIL CODE SECTION* 1719

The relevant portions of *Civil Code § 1719* read as follows:

**Dishonored checks; liability; demands for payment; stop payments; notice; penalties, damages and service charges; assignees**

(a)(1) Notwithstanding any penal sanctions that may apply, any person who passes a check on insufficient funds shall be liable to the payee for the amount of the check and a service charge payable to the payee for an amount not to exceed twenty-five dollars ($25) for the first check passed on insufficient funds and an amount not to exceed thirty-five dollars ($35) for each subsequent check to that payee passed on insufficient funds.

*California Civil Code Section § 1719*

IV
**CALIFORNIA LAWS ON INTEREST**

California law awards pre-judgment interest.

"**BREACH OF CONTRACT TO PAY LIQUIDATED SUM.** The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest therein.

*California Civil Code Section* 3302

**Interest on damages; right to recover; time from which interest runs**

(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

(b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

*California Civil Code Section* 3287

V
**RULES FOR INTERPRETATION OF STATUTES IN CALIFORNIA**

In 1987, the California Supreme Court said:

"The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible (citing authority)."

*Dyna-Med, Inc. vs. Fair Employment and Housing Com.*, (1987), 43 Cal. 3d 1379, 1387

In 1976, the California Supreme Court said:

> "the well-settled rules of statutory construction that, if possible, the codes are to be read together and blended into each other as though there was but a single statute, (citations omitted), and that the existence of a particular statute does not negate the effect of a general statute unless there is a conflict. (Citations omitted)."
>
> *Lara vs. Board of Supervisors*, (1976), 59 Cal. App. 3d 399, 408-409

The two statutes now at issue (*Civil Code §1719* and *Civil Code §3287* "are to be read together and blended into each other as though there was but a single statute." *(Lara vs. Board of Supervisors*, (1976), 59 Cal. App. 3d 399, 408). Furthermore, "the existence of a particular statute does not negate the effect of a general statute unless there is a conflict." *(Lara vs. Board of Supervisors*, (1976), 59 Cal. App. 3d 399, 408).

There is no conflict between *Civil Code §1719* and *Civil Code §3287*. The general statute *(Civil Code §3287)* authorizes interest on a claim which is certain. The specific statute *(Civil Code §1719)* allows the victims of dishonored check writers to recover additional statutory damages to fully compensate the wrongdoing of the dishonored check writer.

Unless clearly indicated otherwise, the general principle is that words in a statute are to be given a sensible construction according to their commonly understood meaning *(Lara vs. Board of Supervisors*, (1976), 59 Cal. App. 3d 399, 407). The only sensible construction according to the commonly understood meaning of the words of these statutes is that the failure of the legislature to address interest in *Civil Code §1719* means that the legislature intended that the right to interest be determined by its other statutes that specifically address interest. This allows interest

1    to be added to the balance owed by the dishonored check writer,

2    and gives complete restitution to the victim.

3                                    VI
      **THERE IS NO BINDING PRECEDENT DETERMINING WHETHER PRE-JUDGMENT**
4     **INTEREST MAY BE RECOVERED IN ADDITION TO THE REMEDIES**
           **AVAILABLE UNDER *CALIFORNIA CIVIL CODE SECTION* 1719**
5

6              "The parties have not cited, nor has this Court
               located, any other case directly addressing the
               availability of prejudgment interest in conjunction
7              with section 1719.

8              * * * Unfortunately, section 1719 is silent as to the
               availability of interest in light of the service charge
9              and treble damages provisions...."

10             *Palmer vs. Stassinos*,(2004) 348 F. Supp. 2d 1070, 1078

11                                   VII
      **THE LEGISLATIVE HISTORY OF *CALIFORNIA CIVIL CODE SECTION* 1719**
12    **SHOWS A LEGISLATIVE INTENT TO ALLOW THE RECIPIENT OF A**
             **DISHONORED CHECK TO RECOVER ALL DAMAGES SUSTAINED**
13

14             "When the language of a statute is unambiguous, the
               plain meaning rule generally governs. (Citation
               omitted). In some situations, however, what would
15             otherwise appear to be plain language is interpreted
               contrarily where there are compelling indications of
16             legislative intent. (Citations omitted) Moreover, where
               particular language of a statute appears ambiguous, it
17             is appropriate to look to other indicia of the
               Legislature's intent, including the textual context of
18             the language, policy, and legislative history. "

19             *Ruby Joseph vs. J. J. Mac Intyre Companies,*
               238 F. Supp 2d. 1158, 1163-1164
20

21         The California Bill Analysis dated August 20, 1996

22    concurring in the Senate Amendments to *Civil Code* $1719 (Judicial

23    Notice Exhibit 1) reads as follows:

24             While California authorizes the assessment and
               collection of a "commercially reasonable" service
25             charge and several California statutes relate to bad
               checks, none specifically authorize the imposition of a
               fee by the retailer or other payee who has a check
26             returned.

27             A recent federal case dealing with the issue of the
               imposition of bad check charges by merchants, (Newman
28             v. Checkrite California, Inc. (E.D.Cal. No. CIV. 8-93-

_____

1557 LKK, December 19, 1995) suggests that because state law only provides for a commercially reasonable charge, merchants must prove that their charges are indeed commercially reasonable. Merchants are concerned that this case may require some merchants to prove in each case that their charge is "commercially reasonable".

California courts have recognized the legality of fees in other contexts and have not required that the merchant prove in each case that the charge be "commercially reasonable." Courts have held that requiring proof of the actual damages incurred by the company would be impractical, extremely difficult and expensive to determine. **The charge should represent a reasonable endeavor to fix the probable loss resulting to the merchant and that charge should bear a reasonable relation to such loss and be reasonable in amount.** (Emphasis added.)

ARGUMENTS IN SUPPORT: According to the sponsor of this measure, the California Retailers Association (CRA), the Newman case has caused concern among merchants about te validity of bad check fees charged by merchants.

**This measure is intended to declare that the imposition of bad check fees by retailers and other payees is permissible under current law and to clarify that bad check fees of up to $35 are commercially reasonable.** (Emphasis added) The figure of $35.00 was arrived at based upon a survey of CRA members and because the United States Supreme Court imposes a $35 charge for anyone bouncing a check payable to it.

American Stores Company which operates over 650 Lucky, Super Saver and Sav-On retail stores in California supports this measure. They point out that **during 1995 they had over 300,000 checks returned unpaid by the bank. The costs associated with attempting to make collection on these checks is enormous. It is both reasonable and fair that those who write bad checks pay the cost of collection. To the extent that they are not paid by the writers of these checks, they would be passed on to all consumers."** (Emphasis added)"

California Bill Analysis dated August 20, 1996 concurring in the Senate Amendments to *Civil Code* § 1719 (Judicial Notice Exhibit 1)

This legislative analysis shows the legislature intended that the dishonored check writer be required to **"pay the cost of collection"**, and did not intend to have **any part** of the cost of

1   collecting dishonored checks passed "**on to all consumers**".

2   Denying a merchant who receives a dishonored check interest on

3   the debt has the effect of transferring a large part of the cost

4   of the dishonored check initially to the merchant and eventually

5   to all consumers. This is the opposite of the result the

6   legislature said it intended to achieve.

### VIII
### PRE-JUDGMENT INTEREST IS AN ELEMENT OF DAMAGES

"Every person who is entitled to recover damages certain, or capable of being made certain by calculation and the right to recover which is vested in him on a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt...

Damages is defined broadly to include any compensatory monetary recovery, as provided in *California Civil Code Section 3287*, which provides:

"Every person who suffers detriment from the unlawful act or omission of another, may recovery from the person in fault a compensation therefor in money, which is called damages."

*California Civil Code §3287* has been consistently applied to require the award of prejudgment interest where the judgment is for money owed or to be refunded pursuant to a statutory obligation. (*Tripp v. Swoap*, 17 Cal 3d 671,681, 131 Cal.Rptr. 789, 552 P.2d 749 (1976).

*Irwin v. Mascott*, (2000), 112 F. Supp 2d. 937, 956

### IX
### THE CALIFORNIA SUPREME COURT ORDERED THAT PRE-JUDGMENT INTEREST IS TO BE AWARDED WHEN THE STATUTE IS SILENT ON INTEREST

  In 2001, the California Supreme Court issued an opinion

directing California Courts that the general interest statutes

governed interest awards when a statute was silent on the issue

of interest. The pertinent portion of that opinion reads as

follows:

"In summary, although Labor Code Section 132a does not

itself expressly authorize the addition of prejudgment interest to an award of backpay to a victim of discrimination, Civil Code section 3287 requires such interest on damages due on a particular date, including awards of backpay, when they are certain or capable of being made certain by calculation. Neither section 5800 nor any other provision of the Labor Code cited to us or discovered in our research precludes addition of interest to a backpay award, and addition of interest would serve the remedial purpose of section 132a. Harmonizing the provisions of the Labor and Civil Codes to further the overall legislative goals, therefore, we conclude the WCAB may and must, when the criteria of Civil Code section 3287 are met, add to its awards reimbursing employees for lost wages and work benefits interest from the dates such wages and benefits would have become due had the employer not acted in violation of section 132a. Because the WCAB denied petitioner interest in the belief such an award was unauthorized, it must reconsider its award in this case.

*Currie vs. Workers' Compensation Appeals Board* (2001), 24 Cal. 4th 1109, 1119

According to the California Supreme Court, *Civil Code* §3287 applies to any award for unliquidated damages under a statute unless the statute contains specific language to the contrary. *Civil Code* §1719 does not contain **any** language to the contrary. Therefore, according to the California Supreme Court, the language of *Civil Code* §1719 requires that pre-judgment interest be allowed under *Civil Code* §3287.

**X**
**A STATUTE MUST BE ANALYZED IN THE CONTEXT OF ALL THE OTHER LAWS**

In 1976, the California Supreme Court directed its trial Courts how to analyze two codes together. By coincidence, one of the code sections was the interest statute, *Civil Code* §3287. The directions of the California Supreme Court were:

Where as here two codes are to be construed, they must be regarded as blending into each other and forming a single statute. (Citation omitted) Accordingly, they must be read together and so construed as to give effect, when possible, to all the provisions thereof. (Citations omitted). ***

```
***
* * * Interest, on the other hand, relates to the
extent of recovery inasmuch as it constitutes an
element of damages. Under this construction the fact
that the Legislature did not mention interest
specifically does not mean that a successful recipient
is precluded from receiving it.
```

*Tripp vs. Swoap*, (1976), 17 Cal. 3d 672, 679,
552 P.2d 749, 755, 131 Cal. Rptr. 789, 795

**XI**
**INTEREST IS AWARDED ON LIQUIDATED DAMAGE AWARDS**

Plaintiff claims the statutory penalty imposed by *Civil Code*
*§*1719 precludes an award of interest to prevent a double
recovery.

In 1974, the Ninth Circuit Court of Appeal considered a
similar argument in connection with a liquidated damage award
under a contract provision. The contract at issue in the case had
a valid liquidated damage provision, and the Court held "since
the claim is for a liquidated amount, plaintiff is also entitled
to an award of interest from the date of the bank's refusal to
honor the draft." (*Wichita Eagle and Beacon Publishing company,*
*Inc. v. Pacific National Bank of San Francisco*, (1974), 493 F.2d
1285, 1287). Therefore, the Ninth Circuit Court of Appeals
believes California law awards interest under *Civil Code §*3287 on
an award for a penalty.

**XII**
**ARGUMENT**

When reading *Civil Code §*1719 and *Civil Code §*3287 together,
the only reasonable interpretation is the legislature enacted
*Civil Code §*1719 to allow the victim of the dishonored check
writer to receive all damages sustained from being given a
dishonored check, including interest or rent for the money the

---

1  dishonored check writer borrowed. It is not reasonable to believe

2  the legislature intended to reward the dishonored check writer

3  with an interest free loan at the expense of, and without the

4  consent of, the victim.

5      The utter unjust result of Plaintiffs argument is

6  illustrated by the following example. Suppose Donald Trump issued

7  a dishonored check for $1,000,000.00, and the creditor sought to

8  impose the $25.00 service fee. Suppose Mr. Trump failed to make

9  the check good, and suit had to be filed. The case comes to trial

10 three years later. For the sum of $25.00, Mr. Trump has been

11 rewarded with an interest free loan of $1,000,000.00 for three

12 years, causing the victim to lose $300,000.00 in interest. Is

13 this the result the legislature intended? **NO!**

14     The identity of Mr. Trump and the amount of the check only

15 exaggerate the unjust and unreasonable result sought by

16 Plaintiff. The same result would ensue if the check writer was

17 John Doe, and the amount of the check was $100.00. John Doe would

18 obtain an interest free loan of $100.00 for three years. The

19 $25.00 check fee would still be less than three years of interest

20 at the legal rate in California of 10%, or $30.00.

21     The legislative analysis shows the legislature intended to

22 allow the recipients of dishonored checks to recover **all** the

23 costs from the dishonored check writers instead of the public.

24 The interpretation sought by Plaintiff creates the opposite

25 result! Instead of passing the costs onto the dishonored check

26 writer, Plaintiff wants to pass the costs onto the merchant and

27 eventually to **all** consumers.

28

1

**XIII**
**PLAINTIFF CREATED THREE THEORIES OF RECOVERY BY A SINGLE WRONG.**

2

**THE FIRST THEORY OF RECOVERY WAS UNDER *CIVIL CODE* 1719 FOR**
**ISSUING A DISHONORED CHECK; THE SECOND THEORY OF RECOVERY WAS FOR**

3

**A BREACH OF THE CONTRACT EVIDENCED BY THE DISHONORED CHECK;**
**A THIRD THEORY OF RECOVERY WAS FOR THE COMMON COUNT OF GOODS,**

4

**WARES, AND MERCHANDISE HAD AND RECEIVED BY THE PLAINTIFF**

5

"The essence of a cause of action is the existence of a
primary right and one violation of that right.

6

(Citations omitted). The cause of action as it appears
in the complaint will be the facts from which the

7

plaintiff's primary right and the defendant's
corresponding duty have arisen, together with the *facts*

8

which constitute the defendant's delict or wrong.
(Citations omitted)

9

10

The seeking of two different kinds of relief does not
establish different causes of action."

11

*Kaufman & Broad vs. City & Surburban Mortgage Co.,*
(1970), 10 Cal. App.3d 206, 215, 88 Cal.Rptr. 858, 863

12

"The situation is different where the single cause
of action (injury to plaintiff's primary right

13

by defendant's wrong) gives rise to *alternative*
*remedies or legal theories of recovery.* Thus, if

14

defendant wrongfully takes plaintiff's goods, there
is but one invasion of plaintiff's rights by one

15

wrong, hence, only one cause of action. Plaintiff may,
however, seek redress on alternative *legal theories*

16

of conversion (tort) or quasi-contract (waiver of
tort), and pray for alternative *remedies* of damages

17

(for conversion), value of the goods (quasi-contract),
or specific recovery of goods. (*See* 2 *Cal. Proc.* (4th),

18

*Actions*, §160.)

19

4, *Witkin, California Procedure, 4th Edition* 618

20

Plaintiff purchased goods, wares, and merchandise in the sum

21

of $276.36 from Pack 'N Save, and paid for them with a check. The

22

check was dishonored, and the Plaintiff never paid the debt owed

23

Pack 'N Save. This is the wrong giving rise to the primary right.

24

Plaintiff's purchase of the goods, wares, and merchandise

25

created an oral contract between Plaintiff and Pack 'N Save

26

whereby Plaintiff was obligated to pay Pack 'N Save the sum of

27

$276.36 and a right of remedy for breach of an oral contract.

28

Breach of an oral contract is the type of obligation for which

1    prejudgment interest is awarded in California.

2         Plaintiff's purchase of the goods, wares, and merchandise

3    also created a common count obligation and a right of remedy for

4    goods, wares, and merchandise in the sum of $276.36. A common

5    count for goods, wares, and merchandise is also the type of

6    obligation for which prejudgment interest is awarded in

7    California.

8         Plaintiff paid the oral contract and common count for goods,

9    wares, and merchandise rights of remedy with a check in the sum

10   of $276.36 that was subsequently dishonored. This then created an

11   additional right of remedy under *Civil Code §1719*.

12        Even if *Civil Code §1719* precludes an award of interest on

13   the right of remedy created by the statute (the award of a $25.00

14   or $35.00 service charge), *Civil Code §1719* does not preclude an

15   award of interest on either the right of remedy for breach of an

16   oral contract or the right of remedy for the common count of

17   goods, wares, and merchandise.

18                                **XIV**
                       **EFFECT OF ALTERNATIVE REMEDIES**
19

20        This action by Plaintiff is for violation of the Federal

21   Fair Debt Collection Practices Act. The specific violation

     alleged is that Defendant demanded money (interest) that was not
22
     due under California law in violation of 15 *U.S.C.* 1691f(1).
23

24        In determining whether Defendant was entitled to charge

25   Plaintiff interest, the Court must examine the primary right of

26   the Defendants Assignor and the Plaintiff's violation of that

     right, as well as every alternative legal theory and every
27
     alternative remedy for damages available to Defendant.
28

---

1    In this case, Plaintiff's violation of the primary right

2  vested Pack 'N Save with three alternative legal theories and

3  remedies for:

4        (1)  Breach of an oral contract;

5        (2) a common count against the Plaintiff for goods,

6            wares, and merchandise received by Plaintiff; and

7        (3) a dishonored check under *Civil Code §1719*.

8  Even if interest cannot be awarded for the dishonored check under

9  *Civil Code §1719*, it can be awarded under the theories of:

10       (1) recovery for Breach of an oral contract; **and**

11       (2) the common count for goods, wares, and merchandise.

12  Each of these alternative legal theories and remedies, as a

13  matter of law, were included with the claim assigned to

14  Defendant, and each of these alternative legal theories are the

15  type of remedy which may be assigned under California law.

16  Defendant, as the assignee of Pack 'N Save, was able to charge

17  Plaintiff interest under the alternative remedy of breach of an

18  oral contract; the alternative remedy for a common count for

19  goods, wares, and merchandise, together with the alternative

20  remedy under *Civil Code* §1719 for the amount of the check and the

21  $25.00 service charge. Therefore, Defendant has **NOT** sought to

22  collect any charge from Plaintiff that is not permitted by

23  California law, and has not violated the Federal Fair Debt

24  Collection Practices Act.

### XV
### *CIVIL CODE §1719* TREBLE DAMAGES PROVISION
### IS NOT RELEVANT TO THIS CASE

27  *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070,

28  primarily analyzed whether interest was allowed when the victim

of the dishonored check writer sought treble damages under *Civil Code §*1719. Judge Whyte believed that "permitting interest in addition to the statutory remedies would permit a double recovery. The law generally bars multiple recoveries for the same loss." *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070, 1082). Since neither Defendant nor its assignor **ever** sought treble damages, whether interest may be awarded in addition to treble damages is not at issue in this case and is not now before this Court.

## XVI
## DEFENDANT WOULD NOT RECEIVE A DOUBLE OR MULTIPLE RECOVERY

Defendant sought the service charge of $25.00 permitted by *Civil Code §*1719, in addition to the amount of the check and interest on the check. The $25.00 service charge was 9% of the principal balance, and was intended by the legislature to compensate the victim of the dishonored check writer for the costs of processing the dishonored check, including the substantial bank charges that Defendant's Assignor had to pay for the dishonored check. Allowing the service charge along with interest under *Civil Code §*3287 does **not** result in either a double recovery or a multiple recovery for the same loss.

The rationale employed by Judge Whyte does not apply to the facts of this case in which only a $25.00 service charge and interest on the check were imposed on the dishonored check writer. Allowing the victims of the Plaintiff to recover $276.36, $25.00, and interest on the check **does not even** fully compensate the victim for damages, let alone result in a double or multiple recovery. The amounts sought by Defendant constitute less than

1  full restitution of all the damages caused by the Plaintiff's

2  wrongful act, **not** more!

3                                    **XVII**
                    *CALIFORNIA CIVIL CODE SECTION* **1719**
4          **IS NOT THE EXCLUSIVE REMEDY FOR A DISHONORED CHECK**

5      In *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070,

6  1082), Judge Whyte found that "the California Legislature intends

7  the present remedies under *Civil Code §*1719 to be **exclusive.**"

8  While this conclusion is easily applied to a case where a

9  dishonored check writer presents one check to purchase goods,

10 wares, and merchandise from a merchant, *Civil Code §*1719 applies

11 to all dishonored checks in California. Accordingly, if Judge

12 Whyte's opinion is adopted, *Civil Code §*1719 will be the

13 exclusive remedy for all dishonored checks. The following

14 hypothetical examples show how this leads to ridiculous results.

15     Let's pretend that The Donald, aka Donald Trump, opens a

16 trade account at a building supply store like Home Depot. He

17 makes regular charges each month to the account, and pays the

18 bill by check at the end of the month. Let's pretend he made ten

19 (10) purchases of $1,000.00 each, for a total of $10,000.00. He

20 gets his bill, which he pays by check. The check is returned

21 unpaid because of not sufficient funds. Home Depot imposes the

22 $25.00 service charge permitted by *Civil Code §*1719.

23     However, because he is The Donald, Home Depot continues to

24 permit him to charge. Next month, he makes twenty purchases of

25 $1,000.00 each, and he owes $20,000.00 plus $10,000.00 for the

26 preceding month that he paid for with an N.S.F. check and the

27 $25.00 service charge. The three alternative remedies on which

28 The Donald owes Home Depot are $30,025.00 on an open book

1   account; $30,000.00 on a common count; and $10,000.00 plus a

2   $25.00 service charge on *Civil Code* §1719.

3       However, if *Civil Code* §1719 is the exclusive remedy as

4   Judge Whyte suggests, Home Depot has made The Donald an interest

5   free loan on $10,000.00. Is there any possibility the legislature

6   intended to grant The Donald a $10,000.00 interest free loan from

7   Home Depot? **NO!**

8       If the remedy is exclusive, the case can lead to even more

9   unjust results. If the remedy of Home Depot is exclusively

10  confined to *Civil Code* §1719, their action for the common counts

11  of an open book account and an account stated are in question.

12  Plaintiff argues that *Civil Code* §1719 is the exclusive remedy

13  and precludes Home Depot from pursuing its common count action

14  against The Donald. This raises the question whether the entire

15  common count for $30,025.00 is precluded, or is only the

16  $10,025.00 portion of the common count represented by the N.S.F.

17  check precluded. Could the legislature have intended that *Civil*

18  *Code* §1719 allow The Donald to receive $30,000.00 of merchandise

19  from Home Depot but only be obligated to repay Home Depot

20  $10,025.00 as a reward for being a dishonored check writer?

21  Whether or not the legislature intended this result, Judge

22  Whyte's opinion creates a dignified legal argument for attorneys

23  like those now representing Plaintiff to seek precisely this

24  result for The Donald.

25      This hypothetical illustrates the multitude of problems that

26  arise because of Judge Whyte's decision to add a provision

27  prohibiting interest to *Civil Code* §1719. The legislative

28  process allows approximately 200 state representatives and

1   senators, along with the citizens of California, to carefully

2   consider the effect of each word in a statute. The decision of

3   Judge Whyte to insert a provision prohibiting interest into their

4   work creates the opposite result of what the legislature said it

5   intended to achieve. The statutory modifications of Judge Whyte

6   only serve one constituent - the lawyers for the Plaintiff.

7                                    **XVIII**
    **PLAINTIFF IS EXCUSED FROM LIABILITY UNDER 15 U.S.C. 1692k**

8
                "A debt collector may not be held liable in any
9               action brought under this subchapter if the debt
                collector shows by a preponderance of evidence that
10              the violation was not intentional and resulted from
                bona fide error not withstanding the maintenance of
11              procedures reasonably adapted to avoid any such error

12          15 *United States Code* 1692k

13          Defendant believed that it was entitled to charge interest

14  because, as was judicially noted in *Palmer vs. Stassinos*, (2004),

15  348 F. Supp. 2d 1070, 1077, every Court in California allows

16  interest on an claim that is certain and is evidenced by a check

17  returned not sufficient funds with service charges imposed under

18  *California Civil Code Section* 1719. Until binding legal precedent

19  to the contrary is established in California, the charging of

20  interest, if illegal, is a violation that was not intentional and

21  resulted from a bona fide error notwithstanding the maintenance

22  of procedures reasonably adapted to avoid any such error.

23  Defendant is therefore excused from any liability to Plaintiff

24  pursuant to the provisions of 15 U.S.C. 1692k.

25          While advice of counsel and mistake of law usually does not

26  constitute a defense under the provisions of 15 U.S.C. 1692k, the

27  facts of this case are that interest is allowed under California

28  law unless and until the Judicial Branch of the Federal

1  Government inserts an additional provision into *Civil Code*
2  *Section* 1719 to the contrary. The failure to recognize that the
3  Judicial Branch of the Federal Government would re-write a
4  California state statute by inserting a new statutory provision
5  in conflict with published precedents of the California Supreme
6  Court constitutes a violation that is not intentional and
7  resulted from a bona fide error notwithstanding the maintenance
8  of procedures reasonably adapted to avoid any such error.
9  Therefore, Defendant **must** be excused from any liability to
10 Plaintiff pursuant to the provisions of 15 U.S.C. 1692k.

11                                **XIX**
          **REQUEST FOR PARTIAL JUDGMENT UNDER FRCP 54(b) OR**
12      **CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. 1291(b)**

13        As Judge Whyte noted, there is no "other case directly
14 addressing the availability of prejudgment interest in
15 conjunction with section 1719." There needs to be finding
16 precedent on this issue so that everyone will know what the law
17 is and be able to comply with it.

18        Until this issue is resolved by the issuance of binding
19 precedent, creditors and dishonored check writers will be unsure
20 as to their rights and obligations. The only beneficiaries of a
21 delay in the issuance of a binding precedent are the attorneys
22 for the Plaintiff, who will continue to file lawsuits like the
23 one now before the Court to extort attorney fees from the credit
24 and collection industry based on a published opinion that is not
25 now binding precedent.

26        FRCP 54(b) and 18 U.S.C. 1292(b) permit this Court to enter
27 either a partial judgment or certify this issue for immediate
28 appeal. Defendant urges this Court adopt one of these approaches

---

1  so that the law on this issue can be settled by the issuance of

2  binding precedent.

3      Creating binding precedent will benefit both the consumers

4  the attorneys for Plaintiff claim to represent as well as the

5  credit and collection industry because the present uncertainty in

6  the law created by the attorneys for the Plaintiff will be

7  resolved.

8  **XX**
   **CONCLUSION**

9

10     Summary Judgment under F.R.C.P. 56(b) must be granted

    because Plaintiff will be unable to provide any evidence of such
11
    a nature that a reasonable jury could return a verdict in favor
12
    of the Plaintiff because there is no evidence upon which a jury
13
    could reasonably find that Defendant has any liability to
14
    Plaintiff.
15
       In addition, this Court should enter a partial judgment
16
    under FRCP 54(b) or certify this case for an immediate appeal
17
    under 28 U.S.C. 1291(b).
18

19

20  Dated: June 13, 2006              LAW OFFICES OF CLARK GAREN

21                                    BY

22                                    _____

23  _____                       CLARK GAREN,
                                      ATTORNEY FOR DEFENDANT
24

25

26

27

28

PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA          )
COUNTY OF RIVERSIDE          )  S.S.

I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 1801 CALIFORNIA AVENUE, CORONA, CALIFORNIA 92881

On June 13, 2006, I served the within NOTICE OF MOTION BY DEFENDANT FOR SUMMARY JUDGMENT UNDER FRCP 56; NOTICE OF MOTION FOR ENTRY OF PARTIAL JUDGMENT UNDER FRCP 54b; NOTICE OF MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b) MEMORANDUM OF POINTS AND AUTHORITIES on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA addressed as follows:

O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON,
SUITE 900
CHICAGO, ILLINOIS 60602

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
FIRST FLOOR,
SUITE F,
SAN JOSE, CALIFORNIA 95126

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON JUNE 13, 2006 AT PALM SPRINGS, CALIFORNIA


_____
CLARK GAREN, DECLARANT