

1  Ronald Wilcox, State Bar #
   LAW OFFICE OF RONALD WILCOX
2  2160 The Alameda, 1st Flr., Suite F
   San Jose, CA 95126
3  (408) 296-0400

4
   O. Randolph Bragg, Ill. Bar #06221983
5  HORWITZ, HORWITZ & ASSOCIATES
   25 East Washington, Suite 900
6  Chicago, IL 60602
   (312) 372-8822
7
   Attorneys for Plaintiff BRIAN CASTILLO
8
                    UNITED STATES DISTRICT COURT
9
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  BRIAN CASTILLO, on behalf of themselves and others similarly situated, | Case# 06-02037 PVT (San Jose) |
| 12 | |
| 13                    Plaintiffs, | MOTION FOR ADMINISTRATIVE RELIEF, REQUESTING CONTINUANCE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| 14  vs. | |
| 15  IMPERIAL MERCHANT SERVICES, d.b.a. CHECK RECOVERY SYSTEMS, | |
| 16                    Defendants. | CLASS ACTION |
| 17 | JURY TRIAL DEMANDED |
| 18 | |

19

20        Plaintiff Brian Castillo hereby moves to continue, for at least 90 days, the hearing of

21  defendant's Motion for Summary Judgment, currently set for July 25, 2006, on the grounds

22  that: (1) he is entitled to conduct discovery prior to submitting an opposition to defendants'

23  motion, and (2) dispositive motions filed in the action and the Related Case, Hunt v. Check

24  Recovery Systems, Civ. No. 05-4993 MJJ, should be coordinated in the interest of judicial

25  efficiency.

26

1        DATED: June 22, 2006                         LAW OFFICES OF RONALD WILCOX

2                                                /s/Ronald Wilcox

                                                Attorney for PLAINTIFF

3  ARGUMENT

4

5        Defendant has filed an early motion for Motion for Summary Judgment , before the

6  parties' Initial Disclosures are due, before the parties have met and conferred pursuant to

7  Rule 26(f), and before plaintiff has had an opportunity to conduct any discovery,   Indeed,

8  the hearing on the motion is set for the same date as the first Case Management

9  Conference in this action.  Paradoxically, defendant agrees that plaintiff is entitled to a

10  continuance of the motion to conduct discovery, but has refused to stipulate to a

11  continuance, requiring the filing of this motion.

12        In this lawsuit plaintiff claims that defendant unlawfully demanded and collected

13  interest on dishonored checks.  Defendant is a debt collector, that collects returned checks,

14  primarily for Safeway.  It routinely demands a statutory service charge, plus interest.

15  Plaintiff contends that under California law, a debt collector is not permitted to seek both a

16  service charge and interest.  Palmer v. Stassinos, 348 F.Supp.2d 1070, 1083 (N.D. Cal.

17  2004).  Defendant claims that it is not collecting a check at all, but has been hired by the

18  creditor to proceed on the underlying sales transaction.  Thus, among other things, Plaintiff

19  will seek discovery regarding whether the merchant hired defendant to do anything other

20  than collect the check and the statutory service charge.  In a related action, for several

21  weeks the parties have been attempting to schedule Safeway's deposition on this issue.[1]

22

23

24

25  1.  That deposition is actually being set in a bankruptcy action proceeding filed by defendant in this action.  However since the same counsel will be questioning the same deponent about the same issue that are presented in this lawsuit, that deposition testimony will be admissible in this action.  One of the matters plaintiff intends to address at the Case Management Conference is the

26

1    Further, since Hunt v. Check Recovery and Castillo v. Check Recovery are Related

2  Cases presenting identical liability issues, with common counsel representing both parties,

3  it makes sense to coordinate the hearing of any dispositive motions, if not consolidate that

4  two actions.  In fact, in Hunt v. Check Recovery, the parties had agreed to work out a

5  briefing schedule and there is no reason why that should not be done in this lawsuit.

6

7    In light of the above, plaintiff requests that the Court continue the hearing on

8  defendants' summary judgment motion for at least 90 days, to conduct discovery, and to

9  allow the court to decide how to handle these interwoven cases at the Case Management

10  Conference set for July 26, 2006.

11

12    DATED: June 22, 2006                    LAW OFFICES OF RONALD WILCOX
                                             /s/Ronald Wilcox

13
                                             Attorney for PLAINTIFF
14

15

16

17

18

19

20

21

22

23

24

25

26  consolidation of the Related Cases.

MOTION FOR ADMINISTRATIVE RELIEF: Page 3

1

2

## [PROPOSED] ORDER

3

    The Court hereby continues Defendant's pending Motion fro Summary Judgment from

4

July 25, 2006 to _____.

5

6

**IT IS SO ORDERED.**

7

8

_____

HON. JAMES JENKINS

9

U.S. DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1    <u>Certificate of Service</u>

2    I hereby declare under penalty of perjury that I sent a copy of the foregoing via U.S. Mail
     to the address below and fax:
3

4    Clark Garen
     Law Offices of Clark Garen
5    POB 1790
     Palm Springs, CA 92263
6    (760) 288-4080

7

     Date: 6/22/06
8

9    <u>/s/Ronald Wilcox</u>
     Ronald Wilcox

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1  **Ronald Wilcox, State Bar #**
   **LAW OFFICE OF RONALD WILCOX**
2  **2160 The Alameda, 1ˢᵗ Flr., Suite F**
   **San Jose, CA 95126**
3  **(408) 296-0400**

4
   **O. Randolph Bragg, Ill. Bar #06221983**
5  **HORWITZ, HORWITZ & ASSOCIATES**
   **25 East Washington, Suite 900**
6  **Chicago, IL 60602**
   **(312) 372-8822**
7
   **Attorneys for Plaintiff BRIAN CASTILLO**
8
                        **UNITED STATES DISTRICT COURT**
9
                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 **BRIAN CASTILLO, on behalf of** | **Case# 06-02037 PVT (San Jose)** |
| 12 **themselves and others similarly situated,** | |
| | **DECLARATION OF RONALD WILCOX** |
| 13 **Plaintiffs,** | **RE MOTION FOR ADMINISTRATIVE RELIEF** |
| 14 **vs.** | |
| 15 **IMPERIAL MERCHANT SERVICES, d.b.a. CHECK RECOVERY SYSTEMS,** | **CLASS ACTION** |
| 16 | **JURY TRIAL DEMANDED** |
| 17 **Defendants.** | |

18

19         I, Ronald Wilcox, declare:

20         1. Defendant filed a motion for Motion for Summary Judgment (MSJ) without first

21
   meeting and conferring with Plaintiff.  Indeed, Defendant filed a MSJ, before the parties
22
   have met and conferred pursuant to Rule 26(f).
23
           2. Plaintiff believes it would be appropriate to conduct discovery before the motion
24
   is heard.
25
           3. On June 21, 2006, I called defendant's counsel in an effort to obtain his
26

                DECLARATION RE MOTION FOR ADMINISTRATIVE RELIEF: Page 1

1  cooperation on a stipulation to move the hearing date until after the discovery can be

2  conducted.

3        3. Defendant's counsel refused to do so, but said he believed plaintiff is entitled to a

4  continuance, and that if I file a motion to continue the summary judgment hearing, he

5  would not oppose it .  Defendant's counsel also faxed me a letter stating he would not

6

7  oppose a motion to continue the hearing date.  The letter is attached as an Exhibit.

8

9
        DATED: June 22, 2006                    LAW OFFICES OF RONALD WILCOX
10                                              /s/Ronald Wilcox

11                                              Attorney for PLAINTIFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION RE MOTION FOR ADMINISTRATIVE RELIEF: Page 2

1

2

<u>Certificate of Service</u>

3

I hereby declare under penalty of perjury that I sent a copy of the foregoing via U.S. Mail to the address below and fax:

4

5

Clark Garen
Law Offices of Clark Garen
POB 1790
Palm Springs, CA 92263
(760) 288-4080

6

7

8

Date: 6/22/06

9

/s/Ronald Wilcox

10

Ronald Wilcox

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION RE MOTION FOR ADMINISTRATIVE RELIEF: Page 3

Jun 21 2006 6:48PM    Law Offices Clark Garen    7602884080    p.1

*Admitted to Practice*
*in*
*California and Texas*

*Law Offices of*

# CLARK GAREN

A T T O R N E Y S  A T  L A W

P.O. BOX 1790, PALM SPRINGS, CALIFORNIA 92263
(760) 323-4901, Fax: (760) 288-4080

*Host of*
*Night Bites*
*with*
*CLARK GAREN*
*syndicated Monday - Friday*
*from 11:30 P.M. to*
*12:30 P.M. on*
*TV CHANNEL 4*
*Palm Springs, Ca.*

June 21, 2006

Ronald Wilcox,
Attorney at Law,
Via Fax: (408) 296-0486

Mr. Paul Arons,
LAW OFFICES OF PAUL ARONS,
Via Fax: (360) 378-6498

Re:    Brian Castillo vs. Check Recovery Systems
       Summary Judgment Motion on calendar
       for July 25, 2006

Dear Mr. Wilcox and Mr. Arons:

This letter is in response to a telephonic request from each of
you that I stipulate to continue the Motion for Summary Judgment
now on calendar for July 25, 2006 before Judge Jenkins.

The Federal Rules of Civil Procedure require a movant seeking a
continuance of a FRCP 56 motion to show:

     (1) a description of the particular discovery the movant
     intends to seek;

     (2) an explanation showing that discovery would preclude
     the entry of summary judgment; and

     (3) a statement justifying this discovery had not been or
     could not have been obtained earlier.

1

Jun 21 2006 6:48PM    Law Offices Clark Garen    7602984080    p.2

As I have told you, I am not willing to stipulate to continue the motion. However, I have represented to you that I will not oppose the portion of your motion for a continuance that is based on a statement that the discovery you proposed to do had not been or could not have been obtained earlier.

Since counsel in this matter have not yet conducted their early meeting of counsel, discovery is stayed. Therefore, I cannot conceive of any reason to claim that any discovery you propose to do had not been or could have been obtained earlier. I am certainly not undermine my credibility before Judge Jenkins by arguing something which I do not believe is true.

You are welcome to attach a copy of this letter as an exhibit to your opposition requesting a continuance of the Summary Judgment motion to show that I am not opposing a motion for a continuance because you could have obtained the discovery earlier.

If you have any questions, please do not hesitate to call.

Thank you for your courtesy and cooperation.

                    Very truly yours,

                    LAW OFFICES OF CLARK GAREN

                    By

                    CLARK GAREN

2