LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF. BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
TELEPHONE:      (760) 323-4901
Fax:            (760) 288-4080
E-MAIL: clarkgaren@msn.com

ATTORNEYS FOR PLAINTIFFS
IMPERIAL MERCHANT SERVICES, a California
corporation, doing business as
CHECK RECOVERY SYSTEMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN CASTILLO, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>-vs-<br><br>IMPERIAL MERCHANT SERVICES D.B.A. CHECK RECOVERY SYSTEMS, INC.,<br><br>        Defendants. | Case No. C 06 02037 MJJ<br><br>OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Date:    July 25, 2006<br>Time     9:30 A.M.<br>Place:   Courtroom 11 |

**I**
**INTRODUCTION**

Defendants oppose Plaintiff's Motion to continue Defendants Motion for Summary Judgment. While Plaintiffs have not had an opportunity to conduct discovery, the opportunity to conduct discovery is not the only factor for a continuance. Plaintiff is also required to describe the particular discovery the Plaintiff intends to seek, and, more importantly, explain how that discovery would preclude the entry of Summary Judgment.

In this case, there is no factual dispute requiring discovery. Safeway assigned a claim for Plaintiff's dishonored check to Defendant. Whether the assignment included the right of remedy for a common count of goods, wares, and merchandise is a *legal issue*, **not** a factual issue! Therefore, no discovery, including a deposition of a Safeway employee, will provide any evidence that will preclude the entry of Summary Judgment.

## II
## LAW OF ASSIGNMENT

> "*Assignment* is a term which may comprehensively cover the *transfer* of title to any kind of property. (Citations omitted.)
>
> In its narrower sense, however, it refers to the Transfer of a nonnegotiable chose in action."
>
> 1, *Witkin, Summary of California Law, 9th Edition* 822
>
> "An assignment may be made *orally* in every case except those in which a writing is expressly required by statute."
>
> 1, *Witkin, Summary of California Law, 9th Edition* 823
>
> "The Civil Code defines a chose or thing in action as "A right to recover money or other personal property by a judicial proceeding. Choses in action are assignable when they arise out of an *obligation* or out of the *violation of a right of property*"
>
> 1, *Witkin, Summary of California Law, 9th Edition* 823
>
> "Legal title passes to the assignee when a chose in action is transferred, even though the assignment is made only for collection. After notice of the assignment, performance by the obligor to the assignor does not extinguish the obligation. (Citations omitted).
>
> The assignee is the real party in interest and sues in his own name. And a valid and effective assignment gives the assignee priority over creditors of the assignor.
>
> A partial assignment of a claim is unenforceable without the debtor's consent, and the assignee

---
OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Case No. C 06 02037 MJJ

2

|   |   |
|---|---|
| 1 | ordinarily has no legal standing to sue. The reason is that if the creditor were permitted to split up his claim into parts, the debtor might be subjected to the trouble and expense of numerous suits on each partial claim." |
| 4 | 1, *Witkin, Summary of California Law, 9th Edition* 842 |
| 5 | "The assignment merely transfers the interest of the assignor. The assignee "stands in the shoes" of the assignor, taking his rights and remedies, subject to *any defenses* which the *obligor* has against the assignor prior to notice of the assignment." |
| 8 | 1, *Witkin, Summary of California Law, 9th Edition* 844 |

Under the law of assignment in California, Safeway cannot make a valid transfer of a portion of its claim against the holder of a dishonored check. It must either assign **all** of its claims or **none** of its claims. If Safeway were permitted to split its claim, the Plaintiff could be subject to numerous suits for the same obligation, and possibly even asked to pay the same obligation twice.

To obtain a continuance, Plaintiff must show that the Safeway deposition will provide evidence that would preclude entry of Summary Judgment. Since Plaintiff concedes Safeway assigned Plaintiff's dishonored check to Defendant, the rights of remedy that were included with the assignment are now an issue of law, **not** an issue of fact. Under California law, Safeway assigned all of it's rights of remedy against Plaintiff, including the common count for goods, wares, and merchandise.  Therefore, the deposition of Safeway will not produce any evidence that will preclude the entry of Summary Judgment.

# III
# CIVIL CODE SECTION 1719 IS NOT AN EXCLUSIVE REMEDY

In a prior proceedings before this Court in the related Hunt case, in answer to a question by this court, Paul Arons represented that the opinion issued by Judge Whyte in the case of *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070 specifically precluded the award of interest on any other remedy, including a common count.

If *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070 excludes **all** other remedies, including a common count, the nature of the assignment from Safeway to Defendant does not matter.

Obviously, Plaintiff's counsel has now decided to abandon his argument that *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070 is an exclusive remedy, and now concedes that Defendant may recovery interest on a common count. Therefore, Plaintiffs attorneys now seek to re-define the law of assignment to protect their claim for attorneys fees.

In this case, the Plaintiff wrote a dishonored check to Safeway, which was discharged in bankruptcy. The Plaintiff in this case, if successful, will receive an award of $1,000.00. The Plaintiff's counsel in this case, if successful, will receive an award of several hundred thousand dollars. Thus, the question arises as to who is the real Plaintiff in this lawsuit and why is it being prosecuted.

Defendant has consistently stated it wants to obtain appellate review of the decision issued by Judge Whyte, and it wants to obtain that review **now!** The uncertainty created by the *Palmer vs. Stassinos*, (2004), 348 F. Supp. 2d 1070 decision needs

to be resolved by obtaining binding precedent on this issue.

Plaintiff's attorneys, who are supposed to be representing a class of consumers who have been subjected to illegal charges, should be more interested in clarifying the law than protecting their attorney fee award.

The overriding issue that needs to be resolved is the correct interpretation of *Civil Code* 1719. If the statute precludes interest on dishonored checks, it should be reduced to binding precedent that will apply to all creditors and consumers. If the statute is exclusive and precludes interest awards on common counts when a dishonored check is involved, it should likewise be reduced to binding precedent that will apply to all creditors and consumers.

This is an urgent matter of public policy that needs to resolved with all possible dispatch. Plaintiff has not fulfilled the legal requirements for a continuance of Defendants Summary Judgment Motion. Therefore, Plaintiff's Motion for a Continuance must be denied.

Dated: June 13, 2006                    LAW OFFICES OF CLARK GAREN
                                        BY

                                        CLARK GAREN,
                                        ATTORNEY FOR DEFENDANT

---

OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Case No. C 06 02037 MJJ

5

PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA        )
COUNTY OF RIVERSIDE        ) S.S.

    I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258

    On June 22, 2006, I served the within OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY JUDGMENT on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA addressed as follows:

O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON,
SUITE 900
CHICAGO, ILLINOIS 60602

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
FIRST FLOOR,
SUITE F,
SAN JOSE, CALIFORNIA 95126

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

    EXECUTED ON JUNE 22, 2006 AT PALM SPRINGS, CALIFORNIA

                                  _____
                                  CLARK GAREN, DECLARANT

_____
OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY JUDGMENT
Case No. C 06 02037 MJJ

6

```
 1  LAW OFFICES OF CLARK GAREN,
    CLARK GAREN, CALIF. BAR #50564
 2  P. O. BOX 1790,
    PALM SPRINGS, CALIFORNIA 92263
 3  STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
    TELEPHONE:      (760) 323-4901
 4  Fax:            (760) 288-4080
    E-MAIL: clarkgaren@msn.com
 5
    ATTORNEYS FOR PLAINTIFFS
 6  IMPERIAL MERCHANT SERVICES, a California
    corporation, doing business as
 7  CHECK RECOVERY SYSTEMS

 8                    UNITED STATES DISTRICT COURT

 9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10
    BRIAN CASTILLO, on behalf of      )   Case No. C 06 02037 MJJ
11  himself and all others similarly  )
    situated,                         )   ORDER DENYING
12                    Plaintiff,      )   ADMINISTRATIVE MOTION
                                      )   TO CONTINUE DEFENDANTS
13  -vs-                              )   MOTION FOR SUMMARY
                                      )   JUDGMENT (Proposed)
14                                    )
                                      )
15  IMPERIAL MERCHANT SERVICES D.B.A. )
    CHECK RECOVERY SYSTEMS, INC.,     )
16                                    )
                                      )
17                    Defendants.     )
                                      )   Date:    July 25, 2006
18                                    )   Time 9:30 A.M.
                                      )   Place:   Courtroom 11
19  _____)

20       GOOD CAUSE APPEARING,

21       IT IS HEREBY ORDERED that Plaintiff's Motion to Continue

22  Defendant's Motion for Summary Judgment, currently scheduled for

23  hearing on July 25, 2006 at 9:30 A.M. in Courtroom 11, is denied.

24
    Dated:
25
                                      _____
26                                    MARTIN J. JENKINS,
                                      UNITED STATES DISTRICT JUDGE
27

28
    _____
    ORDER DENYING ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY JUDGMENT
    (Proposed) Case No. C 06 02037 MJJ
                                      1
```

1  PROOF OF SERVICE BY MAIL
   (1013a, 2015.5 C.C.P.)
2
   STATE OF CALIFORNIA          )
3  COUNTY OF RIVERSIDE          )  S.S.

4       I am a citizen of the United States and a Resident of the
   County Aforesaid; I am over the age of eighteen years and not a
5  party to the within entitled action; my business address is:
   17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258
6       On June 22, 2006, I served the within ORDER DENYING
   ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY
7  JUDGMENT on the interested parties herein in said action by
   placing a true copy thereof enclosed in a sealed envelope with
8  postage thereon fully prepaid, in the United States mail at PALM
   SPRINGS, CALIFORNIA addressed as follows:
9
   O. RANDOLPH BRAGG,
10 HORWITZ, HORWITZ & ASSOCIATES,
   25 EAST WASHINGTON,
11 SUITE 900
   CHICAGO, ILLINOIS 60602
12
   RONALD WILCOX,
13 ATTORNEY AT LAW,
   2160 THE ALAMEDA,
14 FIRST FLOOR,
   SUITE F,
15 SAN JOSE, CALIFORNIA 95126

16      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
   TRUE AND CORRECT.
17
        EXECUTED ON JUNE 22, 2006 AT PALM SPRINGS, CALIFORNIA
18

19
                                   _____
20                                 CLARK GAREN, DECLARANT

21

22

23

24

25

26

27

28

_____
ORDER DENYING ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS MOTION FOR SUMMARY JUDGMENT
(Proposed) Case No. C 06 02037 MJJ
                                   2