LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF. BAR #50564
P. O. BOX 1790,
PALM SPRINGS, CALIFORNIA 92263
STREET ADDRESS-NO MAIL: 17100 N. INDIAN, PALM SPRINGS, CA. 92258
TELEPHONE: (760) 323-4901
Fax: (760) 288-4080
E-Mail: clarkgaren@msn.com

ATTORNEYS FOR PLAINTIFFS
IMPERIAL MERCHANT SERVICES, a California corporation, doing business as CHECK RECOVERY SYSTEMS

FILED
OCT 05 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDY HUNT, and BRIAN CASTILLO, et. al., on behalf of themselves and others similarly situated.<br><br>Plaintiff,<br><br>-vs-<br><br>CHECK RECOVERY SYSTEMS, INC., et. al.,<br><br>Defendants. | Case No. C 05 4993 MJJ<br>Case No. C 06 2037 MJJ<br><br>REPLY TO OPPOSITION OF PLAINTIFF TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56; MOTION FOR ENTRY OF PARTIAL JUDGMENT UNDER FRCP 54b; AND MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b)<br><br>Date: October 24, 2006<br>Time: 9:30 A.M.<br>Place: Courtroom 11 |

# TABLE OF CONTENTS

| CHAPTER | TITLE | PAGE |
|---|---|---|
| I | PLAINTIFFS CLAIM IS BASED ON A LEGAL PRINCIPLE THAT WAS REPUDIATED BY THE CALIFORNIA SUPREME COURT IN 1947 | 1 |
| II | WHO WRITES DISHONORED CHECKS - THIEVES OR HONEST CONSUMERS? | 8 |
| III | DIVISION 3 OF THE COMMERCIAL CODE | 10 |
| IV | RECEIPT OF INTEREST AND SERVICE CHARGES IS NOT A DOUBLE RECOVERY | 11 |
| V | LIQUIDATED DAMAGES IS A PENALTY | 12 |
| VI | BONA FIDE ERROR DEFENSE | 12 |
| VII | ALLOWING IMMEDIATE APPEAL | 13 |
| VIII | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

| AUTHORITY | PAGE |
|---|---|
| **FEDERAL CASES:** | |
| *Palmer v. Stassinos*, (2005), 419 F. supp. 2d 1151 | 11 |
| *Wichita Eagle & Beacon Publishing Co. v. Pacific National Bank,* (1974), 493 F.2d 1285 | 12 |
| **FEDERAL STATUTES:** | |
| 28 *U.S.C.* 1291(b) | 15 |
| **FEDERAL RULES:** | |
| *F.R.C.P. 56(b)* | 15 |
| **CALIFORNIA CASES:** | |
| *Currie vs. Workers' Compensation Appeals Board* (2001), 24 Cal. 4th 1109, 104 Cal. Rptr. 2d 392 | 4, 5 |
| *Orloff v. Los Angeles Turf Club* (1947), 30 Cal. 2d 110, 180 P.2d 321, 322-324 | 2, 3, |

## TABLE OF AUTHORITIES (Continued)

| AUTHORITY | PAGE |
|---|---|
| **CALIFORNIA STATUTES:** | |
| *California Civil Code Section* 4 | 6 |
| *California Civil Code Section* 51 | 2 |
| *California Civil Code Section* 54 | 2 |
| *California Civil Code Section* 1717.5 | 11, 12 |
| *California Civil Code Section* 1719 | 4, 5, 6, 7, 8, 10, 11, 13, 14, 15, |
| *California Civil Code Section* 1671 | 12 |
| *California Civil Code Section* 3287 | 4, 5, 6, 7,8, 10, 11, 13 |
| *California Labor Code Section* 132a | 4 |
| **OTHER AUTHORITIES:** | |
| 3, *Witkin, California Procedure*, 4th *Edition, Actions* §7, Pages 62 - 63 | 1 |
| *Black's Law Dictionary, 4th Edition* | 12 |

I

**PLAINTIFFS CLAIM IS BASED ON A LEGAL PRINCIPLE *REPUDIATED* BY THE CALIFORNIA SUPREME COURT IN 1947**

Plaintiffs base their claim on the principle that:

> "when a new right has been created by statute and a new statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed." (Plaintiff's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment, page 9:7 - 9:14, citing 3, Witkin, California Procedure, (4th Edition, 1996), Actions, §7."

If Plaintiff's attorneys read two more pages of Witkin, they would have discovered that the entire principle upon which they base their claim was **repudiated** by the California Supreme Court **in 1947**! The pertinent section from Witkin reads as follows:

> In *Orloff v. Los Angeles Turf Club*, (1947), 30 C. 2d 110, 113, 180 P.2d 321, the court reexamined and relaxed the supposed general rule of exclusiveness of a statutory remedy. The rule, said the court, "is a corollary of, a consequence flowing from, or a specific application of, the general common law rule of statutory construction that statutes, in derogation of the common law, will be strictly construed. . . . But that rule **does not prevail in this state**, at least, as to the provisions of the four original codes". And, in any event, the rule does not apply where the statutory remedy is *inadequate*. Accordingly, it was held that a suit could be maintained for injunctive relief against defendants, who had refused to allow plaintiff access to a public horse racing exhibition. The decision was on the ground that the statutory remedy of compensatory damages plus $100 penalty under former C.C. 54 was not an adequate means of redress, since the actual damages would be difficult to prove, and the penalty was relatively insignificant. (Citations omitted.)
>
> It should be noted that the court in the *Orloff* case, **correctly repudiating the doctrine of strict construction of new statutory remedies,** indirectly disapproved of the reasoning on which may of the cases stating the general rule are based."
>
> 3, *Witkin, California Procedure, 4th Edition* Actions §7, pages 62-63

If Plaintiff's counsel read the *Orloff* case cited by Professor Witkin, they would have really understood why their claim was frivolous and lacking of any legal support whatsoever.

The 1947 *Orloff* case dealt with a Black man who wanted to attend a horse race at the Los Angeles Turf Club. The Los Angeles Turf Club forcibly ejected Mr. Orloff from the race track because he was black. Mr. Orloff sued the race track for violating *California Civil Code Section* 51 which prohibited the race track from engaging in racial discrimination and he asked for sought injunctive relief to stop the race track from denying him admission by paying him $100.00. The race track answered and admitted that it violated Mr. Orloff's civil rights under *California Civil Code Section* 51, but it argued *California Civil Code Section* 54 limited his award to his actual damages plus $100.00 and did not allow the Court to issue an injunction requiring the race track to comply with the law by admitting *Orloff*. The Court analyzed the race track's argument as follows:

> "Defendant relies upon the rule of statutory construction that where anew right — one not existing at common law, is created by statute and a statutory remedy for the infringement thereof is provided such remedy is exclusive of all others. (Citations omitted.) We are not concerned in the instant case (as is true in many of the cases above cited) with a situation where the statute conferring the right imposes conditions precedent to be met in order to protect the right, or establishes a specialized and detailed procedure for enforcing it, or special procedure for enforcing a penalty or forfeiture provided for therein. The statute (sec. 54) merely provides that $100 as well as compensatory damages may be recovered. These are not conditions precedent nor do they constitute any form of unusual procedure required to obtain relief. They certainly do not expressly exclude the availability preventative - specific-injunctive relief. The only basis for holding that such an exclusion was intended, would be an assumption by this court that other remedies are

excluded, or the drawing of an inference to that effect by reason of some rule of statutory construction. The rule of statutory interpretation here invoked is a corollary of, a consequence flowing from, or a specific application of, the general common-law rule of statutory construction that statutes in derogation of the common law will be strictly construed. (Citations omitted.) **But that rule does not prevail in this state, at least, as to the provisions of the four original codes. The statute in the instant case is in the Civil Code and it is provided therein: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to *effect its objects and to promote justice*" [Emphasis added.] Civil Code, sec. 4**

A factor of importance in interpreting the statute and in applying the above-mentioned rule of statutory construction is the adequacy of the remedy provided by the statute. It has been intimated in regard to the rule of statutory interpretation here discussed, that it should not apply when the remedy provided by statute is inadequate. (Citations Omitted.) A recovery of compensatory damages would be extremely difficult if not impossible to measure and prove. The sum of $100 is a relatively insignificant recovery when the consider that a positive and unequivocal right has been established and violated. . . .
* * *
We conclude, therefor, that the statutes here involved do not purport to exclude all other remedies for the violation of the right conferred."

*Orloff v. Los Angeles Turf Club*, (1947), 30 Cal. 2d 110, 180 P.2d 321, 322-324

Plaintiff Hunt was charged treble damages. While *Civil Code Section* 1719 contains some conditions precedent and unusual procedures to recover treble damages, **none** of these provisions apply to the returned check charge of up to $35.00 imposed on Plaintiff HUNT.

In 2001, the California Supreme Court again **rejected** the same argument it first repudiated in 1947, saying the creation of a new right and a new statutory remedy by the legislature is

 **not** exclusive and **does not deprive the victim of any other remedy, including interest**. In *Currie vs. Workers' Compensation Appeals Board* (2001), 24 Cal. 4th 1109, 104 Cal. Rptr. 2d 392, the Plaintiff received an award of back pay under *Labor Code* 132a. The Court of Appeal denied prejudgment interest because "Section 132a provides for a comprehensive remedy, which does not include interest", which is the same argument now advanced by Plaintiffs. The California Supreme Court rejected this argument, holding the enactment of a new right and statutory remedy did not affect the general statutes regarding interest **unless** the legislation **specifically stated otherwise**.

The California Supreme Court said *Civil Code* §3287 applies to **any** award for unliquidated damages under a statute unless the statute **contains specific language denying interest**. Since *Civil Code* §1719 does **not** contain **any** language that even addresses interest, let alone deny it, the law in California is that *Civil Code* §1719 **requires** that pre-judgment interest **be allowed** under *Civil Code* §3287. The pertinent portion of that opinion reads as follows:

> "WCAB awards of prejudgment interest under Civil Code Section 3287 are consistent with both the letter and the spirit of labor Code section 132a. Nothing in section 132a expressly or impliedly precludes such an award. Indeed, the statute's authorization of "reimbursement for lost wages" could reasonably be understood as impliedly authorizing accompanying interest, since, without such interest the employee will not be fully reimbursed for the value of the lost wages. (citation omitted) **The lack of express authorization for interest in section 132a is not significant. "Such a provision would be redundant, as the Legislature provided elsewhere, and generally, in Civil Code section 3287...for the recovery of interest... the right to recover which is vested in the claimant on a particular day.** (Citation omitted)."

> *Currie vs. Workers' Compensation Appeals Board* (2001), 24 Cal. 4th 1109, 1116, 104 Cal. Rptr. 2d 392, 398-399

The California Supreme Court has consistently rejected the exclusive remedy theory upon which Plaintiffs rely. The California Supreme Court said inserting a provision specifically allowing interest would be redundant and unnecessary since interest is governed by *Civil Code* 3287. The California Supreme Court went on to hold"

> "In summary, although Labor Code Section 132a does not itself expressly authorize the addition of prejudgment interest to an award of backpay to a victim of discrimination, Civil Code section 3287 requires such interest on damages due on a particular date, including awards of backpay, when they are certain or capable of being made certain by calculation. Neither section 5800 nor any other provision of the Labor Code cited to us or discovered in our research precludes addition of interest to a backpay award, and addition of interest would serve the remedial purpose of section 132a. Harmonizing the provisions of the Labor and Civil Codes to further the overall legislative goals, therefore, we conclude the WCAB may and must, when the criteria of Civil Code section 3287 are met, add to its awards reimbursing employees for lost wages and work benefits interest from the dates such wages and benefits would have become due had the employer not acted in violation of section 132a. Because the WCAB denied petitioner interest in the belief such an award was unauthorized, it must reconsider its award in this case.
>
> *Currie vs. Workers' Compensation Appeals Board* (2001), 24 Cal. 4th 1109, 1119, 104 Cal. Rptr. 2d 392, 400-401

The California Supreme Court said *Civil Code* §3287 applies to **any** award for unliquidated damages under a statute **unless** the statute **contains specific language to the contrary**. Since *Civil Code* §1719 does **not** contain **any** language to the contrary, *Civil Code §3287* applies to damage awards under *Civil Code* §1719.

Plaintiffs seek to distinguish *Currie* because the statute in *Currie* was a remedy of compensatory damages, while Plaintiffs

argue that *California Civil Code Section* 1719 allows a penalty in addition to compensatory damages.

The language of the statute and the legislative history show the legislature intended that the service charge **compensate** the merchant for the **actual damages** sustained from the dishonored check, and that the legislature **did not intend it** as a penalty. The distinction created by Plaintiffs is fiction and is not based on reality. The reality is that the California Supreme Court **means what it says, and it says that interest is governed by *California Civil Code Section* 3287 *UNLESS* another statute *provides otherwise*!** *California Civil Code Section* 1719 does **not** provide ***otherwise!***

More importantly, Plaintiff's entire theory is based on a legal principle **repudiated** by the California Supreme Court in 1947! There is no principle in California that:

> "when a new right has been created by statute and a new statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed."

*California Civil Code Section* 4 was enacted in 1857, and it has not been changed since. It says:

> "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to *effect its objects and to promote justice*".
>
> *California Civil Code Section* 4

The California Supreme Court has held on numerous occasions that this means that the principle that:

> "when a new right has been created by statute and a new statutory remedy for its infringement is provided,

> the statutory remedy is exclusive and no other remedy will be allowed."

**does not apply** to ***any provision*** of the ***California Civil Code!***

The primary theory upon which Plaintiffs base their claim is the principle of English Common Law that the creation of a new right by statute makes the remedy exclusive. Since the California Supreme Court repudiated this principle in 1947, Plaintiffs have no legal reason or legal authority to support their argument that *California Civil Code Section* 1719 is the ***exclusive*** remedy for merchants holding dishonored checks. If there is no legal authority for the principle that *California Civil Code Section* 1719 is the exclusive remedy for merchants holding dishonored checks, there is no legal authority to deny **both** a $35.00 dishonored check service fee under *California Civil Code Section* 1719 **and** award of interest under *California Civil Code Section* 3287. Since there is no legal reason or legal authority to support their argument that *California Civil Code Section* 1719 is the ***exclusive*** remedy for merchants holding dishonored checks, the entire claim by Plaintiffs is completely without merit and frivolous.

Plaintiffs present the principle of the exclusive remedy in their own Memorandum In support of Motion for Partial Summary Judgment. After Plaintiffs received Defendants Opposition to their motion, they apparently realized that they were relying on a principle that had been repudiated in 1947. Therefore, Plaintiffs do not cite omitted the principle of exclusive remedy in their Opposition to Defendants Motion for Summary Judgment. Plaintiffs thereby concede that they constructed their case on a

principle that is **not valid law**. Instead, Plaintiffs still ask the Court to deny **both** *California Civil Code Section* 1719 service charges and *California Civil Code Section* 3287 interest awards, but they fail to cite **any legal reason** to support their request. This is further evidence that Plaintiff's action is completely without merit and frivolous.

**II**
**WHO WRITES DISHONORED CHECKS - THIEVES OR HONEST CONSUMERS?**

Plaintiffs are correct that the Federal Fair Debt Collection Practices Act makes no distinction between good debtors and bad debtors and it makes no distinction between a debtor who really owes the debt and one that does not. However, Plaintiffs are wrong that Defendant calls the dishonored check writer a thief to inflame the court and appeal to prejudice. Defendant calls the dishonored check writer a thief because Plaintiff's case is based on what the legislature intended to achieve in enacting *California Civil Code Section* 1719. Defendant argues that the legislature never intended to force merchants to grant a dishonored check writer like Plaintiff HUNT 47 interest free loans! (Defendants Request for Judicial Notice 32, Pages 46 -52.)

The great majority of people who write dishonored checks are not "robbers" who steal goods - they are people who made the honest mistake Plaintiffs describe. Plaintiffs fail to mention that the great majority of people who write dishonored checks are ashamed and embarrassed and ***immediately reimburse*** the merchant for the dishonored check. For those individuals who reimburse the merchant as soon as possible, there **are *no***

interest charges because interest is **minimal.** The interest is minimal because the person who just made a mistake corrected that mistake ***immediately*** and thus **did not borrow money** from the merchant **for any measurable period of time** . For example, the interest on the $137.15 dishonored check of Plaintiff Hunt is 3.7 cents per day, or $1.13 per month, a minimal amount that is not even worth the cost of the postage it would take to collect it, let alone the cost of bookkeeping and income tax reporting.

Unfortunately, Plaintiff HUNT is not representative of the great majority of people who write a dishonored check. Plaintiff HUNT wrote forty seven (47) consecutive dishonored checks over a period of two and one-half months, shortly after which she filed Bankruptcy under Chapter 7 of the Bankruptcy Act. Plaintiff HUNT is exactly what Defendant described - a thief who stole merchandise from merchants with a pen instead of a gun! Plaintiff HUNT forced the merchants to whom she tendered a dishonored check to grant Plaintiff HUNT a loan for an indefinite period, and Plaintiff HUNT now comes before this Court to claim that the loan she forced these merchants to extend to her should not only be interest free, but that each merchant should pay Plaintiff HUNT $1,000.00 for the privilege of being forced to extend her 47 indefinite interest free loans!

The legislative history shows *California Civil Code Section* 1719 was intended to allow the merchants to be compensated for **all** the damages caused by **both** the honest returned check writer who made an occasional mistake that was repaid to the merchant almost immediately **and** the more "professional" thief like the Plaintiff HUNT who forced 47 merchants to give her an indefinite

loan. The legislative history shows that the legislature intended that dishonored check writers pay a service charge of up to $35.00 under *California Civil Code Section* 1719 **and** interest under *California Civil Code* 3287 **to offset the expenses caused by dishonored check writers**.

Plaintiffs have not and are not able to cite any legislative history, statute, legal principle or binding precedent to exclude the service charge of $35.00 awarded under *California Civil Code Section* 1719 from the rule in California that interest awards are determined by *California Civil Code* 3287. Since there is no legal authority to support this action, this claim is not only without merit -- it is completely frivolous!

## III
## DIVISION 3 OF THE COMMERCIAL CODE

*California Civil Code Section* 1719 contains the following provision referencing Division 3 of the California Commercial Code:

> "(k) Nothing in this section is intended to condition, curtail, or otherwise prejudice the rights, claims, remedies, and defenses under Division 3 (commencing with Section 3101) of the Commercial Code of a drawer, payee, assignee, or holder, including a holder in due course as defined in Section 3302 of the Commercial Code, in connection with the enforcement of this section."
>
> *California Civil Code Section* 1719

There is nothing in the language of this statute stating that *California Civil Code Section* 1719 and Division 3 of the Commercial Code are the **only** dishonored check remedies. The language that "Nothing in this section is intended to condition, curtail, or otherwise prejudice rights... under Division 3 "

means that *California Civil Code Section* 1719 is specifically available **in addition** to remedies available under Division 3 of the Commercial Code. It does not mean that *California Civil Code Section 1719* conditions, curtails, or prejudices rights available under any other statutes. Plaintiff is **again** proceeding on the exclusive remedy legal principle that was repudiated by the California Supreme Court in 1947, although Plaintiff does not specifically cite it because Defendant has proven it is incorrect law.

## IV
## RECEIPT OF INTEREST AND SERVICE CHARGES IS NOT A DOUBLE RECOVERY

Allowing the victim of the Plaintiff HUNT to recover $137.15, $35.00, and interest on the check **does not fully compensate** the victim for all damages sustained, let alone result in a double recovery. The amounts constitute **less than full restitution** of the damages caused by the Plaintiff HUNT!

Judge Whyte clarified his original ruling in a subsequent published opinion, *Palmer vs. Stassinos*, (2005), 419 F. Supp. 2d 1151. While he refused to reconsider his interest opinion, Judge Whyte said his opinion "**was not intended to address or preclude attorney fees, post-judgment interest, and contractual damages** ". (*Palmer vs. Stassinos*, (2005), 419 F. Supp. 2d 1151, 1153.) This subsequent ruling by Judge Whyte illustrates why his initial analysis is wrong.

Under Judge Whyte's ruling, *Civil Code Section* 1717.5, which allows attorney fees on a dishonored check, is a remedy available to a creditor who imposes charges under *Civil Code* 1719 while interest under *Civil Code Section* 3287 is a remedy

that is not available. There is **NO** rational legal analysis that can support this distinction between these two remedies.

*Civil Code Section* 1717.5 permits recovery of attorney fees on a dishonored check of 25% to a maximum recovery of $660.00. Why does the recovery of interest constitute a double recovery while the recovery of 25% of the balance due on the check for attorney fees not constitute a double recovery? There is no rational reason to justify allowing one additional *Civil Code* remedy (attorney fees) but not the other (interest).

## V
## LIQUIDATED DAMAGES IS A PENALTY

Plaintiffs assert that liquidated damages are not generally considered a penalty, citing *California Civil Code Section* 1671. *California Civil Code Section* 1671 contains **no statement** that liquidated damages are not considered a penalty. Blacks Law Dictionary, 4th Edition, defines liquidated damages and penalties as "the purpose of a penalty is to secure performance". In the *Wichita Eagle* case, the liquidated damage penalty was imposed to secure performance.

## VI
## BONA FIDE ERROR DEFENSE

The initial motion adequately addressed this defense. While defendant concedes that this defense is usually limited to clerical errors, Defendant again asserts that the unclear state of the law on this issue justifies the application of this defense in this unusual case.

## VII
## ALLOWING IMMEDIATE APPEAL

Defendant believes the material now before this Court shows a dishonored check writer must pay **both** interest under *California Civil Code Section* 3287 **and** service charges of up to $35.00 under *California Civil Code* 1719. Even if the Court disagrees with Defendants interpretation of the law, the Court must, at a minimum, agree that there is no clear statement of the law and no binding precedent on this issue. Until binding precedent is obtained, reasonable minds can and will disagree on what the law really is.

This issue needs to be resolved as soon as possible by binding precedent. If the appellate court agrees with Plaintiff, all creditors in California will know that interest cannot be charged. If the appellate court agrees with Defendant, all creditors in California will no longer be subject to extortion lawsuits by the attorneys for Plaintiffs demanding settlements based on a law that is far from clear. More importantly, Defendant will not be placed at a competitive disadvantage with other collection agencies who do charge interest and who have not yet been sued by the attorneys for Plaintiff.

Counsel for Plaintiffs claim to be consumer lawyers. As consumer lawyers, they should be interested in obtaining binding precedent to resolve this issue as soon as possible. By the admission of Plaintiff's own counsel, there are only two published trial court opinions on this issue and **no binding precedent**.

It is important to consider how Plaintiff's attorneys obtained these two trial court decisions. In the *Palmer* case and the *Irwin* case, the debt collector engaged in unrelated and reprehensible behavior that constituted a clear violation of the FDCPA. Instead of limiting the action against these debt collectors to the wrongdoing that was clear and could be proved, the attorneys for Plaintiffs (who also appeared in both the *Palmer* and *Irwin* cases) sued for violations that were far from clear, like charging both interest and the *California Civil Code Section* 1719 service charge. The attorneys for Plaintiffs, in part because of the clearly tortuous and wrongful conduct of the defendants in those cases, obtained trial court opinions that greatly expanded the debt collection law without any statutory authority to justify the expansion.

The *Palmer* case and the *Irwin* case were not appealed on the merits of the interest issue to obtain binding precedent because those defendants engaged in other unrelated and reprehensible behavior that constituted a clear violation of the FDCPA. Since FDCPA imposes the same liability for one violation as it does for 100 violations, a defendant has no reason to appeal the portion of a decision that is legally incorrect when it is accompanied by a decision that correctly imposes liability for its illegal and reprehensible conduct. Since liability has been established, the debt collector will have to pay the debtors attorney fees for appealing an incorrect portion of the decision, even if the debt collector prevails in the appeal on the portion of the trial court decision that was wrong.

The case now before this Court is different, in that the only conduct at issue is whether the defendant can collect **both** interest **and** the *Civil Code* 1719 returned check charge. No other reprehensible conduct or other illegal collection tactics by the Defendant are at issue in this case. Therefore, this case can and will be appealed, and a clear decision obtained on this issue.

In addition to liability issues, there are serious issues regarding the standing of the Plaintiffs to represent the class and whether injunctive or equitable relief in the form of disgorgement is available under the Federal Fair Debt Collection Practices Act. There is no clear precedent in the Ninth Circuit to guide the Court on any of these issues. Therefore, allowing an immediate appeal to resolve all of these issues will be the best utilization of the resources of the Court, the parties, and the attorneys for the parties. It is also in the best interest of the public to obtain binding precedent on these issues.

## VIII
## CONCLUSION

Summary Judgment under F.R.C.P. 56(b) must be granted because there is no evidence upon which a reasonable jury could return a verdict in favor of the Plaintiff.

In addition, this Court should enter a partial judgment under FRCP 54(b) or certify this case for an immediate appeal under 28 U.S.C. 1291(b).

Dated: October 4, 2006

LAW OFFICES OF CLARK GAREN
BY

CLARK GAREN,
ATTORNEY FOR DEFENDANT

PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA )
COUNTY OF RIVERSIDE ) S.S.

I am a citizen of the United States and a Resident of the County Aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 17100 NORTH INDIAN AVENUE, NORTH PALM SPRINGS, CALIFORNIA 92258

On OCTOBER 4, 2006, I served the within REPLY TO OPPOSITION OF PLAINTIFF TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56; MOTION FOR ENTRY OF PARTIAL JUDGMENT UNDER FRCP 54b; AND MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL UNDER 28 U.S.C. 1292(b) on the interested parties herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at PALM SPRINGS, CALIFORNIA addressed as follows:

IRVING L. BERG,
THE BERG LAW GROUP,
433 TOWN CENTER, NO. 493,
CORTE MADERA, CALIFORNIA 94925

PAUL ARONS,
LAW OFFICES OF PAUL ARONS,
685 SPRINGS STREET,
#104,
FRIDAY HARBOR, WASHINGTON 98250

O. RANDOLPH BRAGG,
HORWITZ, HORWITZ & ASSOCIATES,
25 EAST WASHINGTON,
SUITE 900
CHICAGO, ILLINOIS 60602

RONALD WILCOX,
ATTORNEY AT LAW,
2160 THE ALAMEDA,
FIRST FLOOR,
SUITE F,
SAN JOSE, CALIFORNIA 95126

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON OCTOBER 4, 2006 AT PALM SPRINGS, CALIFORNIA

CLARK GAREN, DECLARANT