**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HUNT and BRIAN CASTILLO, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL MERCHANT SERVICES, d/b/a CHECK RECOVERY SYSTEMS,<br><br>Defendant.<br>_____/ | No. C-05-04993 DMR<br>No. C-06-02037 DMR<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Brandy Hunt and Brian Castillo filed this consolidated class action against Defendant Imperial Merchant Services, Inc., doing business as Check Recovery Systems ("IMS"), for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*  Plaintiffs claimed that IMS' practice of demanding 10% interest, in addition to a statutory service charge for dishonored checks, was not permitted by California law and was unlawful under the FDCPA.

This case has traveled a long and somewhat windy path to resolution.  On July 5, 2005, Plaintiff Brandy Hunt wrote a $133.15 check to Pak 'n Save, which was returned unpaid due to insufficient funds.  *Hunt v. Check Recovery Sys.*, 478 F. Supp. 2d 1157, 1159 (N.D. Cal. 2007). Subsequently, Check Recovery Systems sent Ms. Hunt a letter demanding payment of the check,

**United States District Court**
For the Northern District of California

1   along with a $35 service charge, and $3.26 in interest.  On September 25, 2005, Ms. Hunt filed a

2   Voluntary Petition for Bankruptcy.  Nine weeks later, on December 5, 2005, on behalf of California

3   check writers, Ms. Hunt filed a putative class action against "Check Recovery Systems, Inc."

4   contending that it had violated the FDCPA by seeking both a statutory service charge and interest on

5   a dishonored check.  *Hunt*, 478 F. Supp. 2d at 1158.  Ms. Hunt contended, consistent with two prior

6   district court decisions, *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1083 (N.D. Cal. 2004), and *Irwin*

7   *v. Mascott*, 112 F. Supp. 2d 937, 947 (N.D. Cal. 2000), that a debt collector that sought statutory

8   damages under California Civil Code section 1719 could not also seek interest.  Shortly thereafter,

9   IMS initiated an adversary proceeding in the bankruptcy action, challenging the dischargeability of

10  Ms. Hunt's check.  Thereafter, the litigation proceeded on two tracks, in the bankruptcy court, where

11  IMS was seeking a ruling that it could lawfully collect interest from Ms. Hunt, and in the FDCPA

12  class action before the district court, where Plaintiffs were seeking a ruling that Defendant had

13  unlawfully collected interest, and was required to compensate the putative class for the unlawful

14  charges.

15      In the FDCPA class action, Ms. Hunt, along with co-Plaintiff Brian Castillo, succeeded in

16  obtaining certification of a statewide class.  On summary judgment, Plaintiffs prevailed on liability

17  on the basis that for dishonored checks, IMS could not lawfully seek both a statutory service charge

18  *and* prejudgment interest.  *Hunt*, 478 F. Supp. 2d at 1169 (granting in part Plaintiff's motion for

19  summary judgment); *Hunt v. Check Recovery Sys.*, 241 F.R.D. 505 (N.D. Cal. 2007) (granting class

20  certification of certain claims under Fed.R.Civ.Proc. 23(b)(3) ("Damages Class"), and other claims

21  under Fed.R.Civ.Proc. 23(b)(2)).

22      The Damages Class was defined as follows: "All persons to whom Defendant mailed a

23  collection demand at any time since December 5, 2004, (1) which included a demand for both

24  interest and a statutory service charge on a dishonored check; (2) where the check was written in the

25  State of California for personal, family or household purposes; and (3) whose mail was not returned

26  as undeliverable."

27      In connection with class certification, the Court ordered Defendant to pay notice costs, since

28  Defendant had been found liable for violating the FDCPA.  Defendant pursued an interlocutory

United States District Court

For the Northern District of California

1   appeal of this ruling.  The result was an appellate ruling permitting a district court to shift class

2   notice to a defendant where liability was clear.  *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137,

3   1144 (9th Cir. 2009).  Defendant provided collection records showing that during the class period, it

4   collected $147,623.02 in unlawful interest charges.

5          In the bankruptcy action, after ten months of litigation, IMS prevailed on its claim that the

6   debt was not dischargeable, but it was not awarded prejudgment interest.  The Honorable Dennis

7   Montali, United States Bankruptcy Court Judge, ruled that Check Recovery System was entitled to a

8   judgment for the check amount, and either a service charge pursuant to Section 1719, *or*

9   prejudgment interest, but not both.  IMS first appealed the bankruptcy court decision to the Ninth

10  Circuit Bankruptcy Appellate Panel.  Plaintiff Hunt had the appeal transferred to the district court

11  where the FDCPA class action was proceeding.  The district court affirmed the Bankruptcy Court

12  judgment, adopting the reasoning of its FDCPA summary judgment ruling.

13         IMS appealed the district court's affirmance of the bankruptcy court ruling to the Ninth

14  Circuit.  On May 12, 2008, terming the instant litigation "of the utmost importance to California

15  creditors, California consumers, and the California economy," the Ninth Circuit certified the state

16  law question, whether a debt collector recovering on a dishonored check may recover both a service

17  charge under California Civil Code section 1719 and prejudgment interest under California Civil

18  Code section 3287, to the California Supreme Court.  The California Supreme Court heard the

19  matter and issued a decision fully adopting Ms. Hunt's argument that on a dishonored check, a debt

20  collector could seek either prejudgment interest, or a statutory service charge, but not both.  *Imperial*

21  *Merch. Servs., Inc. v. Hunt*, 47 Cal.4th 381, 398 (2008).  On September 1, 2009, the Ninth Circuit,

22  finding that the California Supreme Court's decision was "self-explanatory and dispositive,"

23  affirmed the lower court.  *Imperial Merch. Servs., Inc. v. Hunt,* 580 F.3d 893, 894 (9th Cir. 2009).

24         IMS claimed that it closed its doors in Fall 2009 and that its assets had little or no net worth.

25  In November 2009, the parties entered into a classwide settlement agreement, which Class Counsel

26  believed to be the best way to assure that class members are compensated for the unlawful fees they

27  paid to IMS.

28

United States District Court

For the Northern District of California

1  The Honorable Saundra B. Armstrong granted Preliminary Approval of the Class Settlement
2  and Notice Plan on June 21, 2010.[1]  The parties subsequently effectuated the Notice of Class
3  Settlement per the terms of the Settlement Agreement.  Among other things, it notified class
4  members of their right to opt out and to file written objections to the class action settlement.
5  The Court conducted the hearing for final approval of the Stipulation of Settlement
6  ("Stipulation") and Plan of Distribution, and entry of Final Judgment on September 21, 2010.  At the
7  hearing, the Court noted that it had received no written objections, and counsel confirmed that they
8  were not aware of any objections.  No objectors or class members attended the hearing.  The vendor
9  selected to administer the notice and distribution of the class settlement funds submitted a sworn
10  declaration stating that it had only received one request to opt out of the class.

**II.  DISCUSSION**

12  The Court read and considered all of the filings submitted in connection with the final
13  approval hearing, including:
14  1.      The Parties' Joint Motion for Preliminary Approval of Class Settlement Pursuant to
15  Fed.R.Civ.P. 23(e), filed January 13, 2010;
16  2.      Stipulation of Settlement, filed January 13, 2010;
17  3.      The Court's Order Granting Motion for Preliminary Approval of Class Settlement
18  Pursuant to Fed.R.Civ.P. 23(e), filed June 21, 2010; and
19  4.      Declaration of Tiffany Ables re: Class Notice Mailing dated September 9, 2010.
20  The Court finds that notice in this case was adequate.  Federal Rule of Civil Procedure 23
21  requires that the Court direct to class members the best notice practicable under the circumstances,
22  including individual notice to all members who can be identified through reasonable effort.  On June
23  21, 2010, Judge Armstrong approved the Class Notice as to form and content.  Based on the
24  Declaration of Tiffany Ables, the Court finds that the parties have complied with the procedures set
25  forth in Judge Armstrong's Order.  The Court also finds that the notice procedure meets the
26  requirements of Rule 23, as it constituted the best notice practicable under the circumstances, and

[1] The parties subsequently consented to have the consolidated cases assigned to Magistrate Judge Donna M. Ryu for all purposes.

United States District Court
For the Northern District of California

1    constituted due and sufficient notice to all persons entitled thereto.  Notice of the settlement thus

2    was adequately disseminated and clearly apprised any persons inclined to object to file timely

3    objections in accordance with Rule 23.

4        In assessing the fairness, reasonableness and adequacy of the settlement, the Court has

5    evaluated, considered and balanced the following non-exclusive factors: (1) the strength of

6    Plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

7    benefits of the settlement; (4) the extent of discovery completed and the stage of the proceedings; (5)

8    the experience and views of counsel; and (6) the reaction of the class members to the proposed

9    settlement.

10        It is clear from the history of the case and the papers that have been filed in this action that

11    Defendant has vigorously disputed the class claims, and that although Plaintiffs' Counsel obtained

12    significant favorable rulings before the Ninth Circuit and the California Supreme Court, the class

13    faced substantial risks in continuing the litigation due to IMS's insolvency.  This risk would increase

14    with the passage of time; moreover, class members would be increasingly difficult to locate over

15    time, and thus would be less likely to share in any recovery.  In its papers and at the hearing,

16    Plaintiffs' Counsel estimated that under the class settlement distribution plan, class members are

17    likely to receive between 70% and 100% of the value of their claims.   The results of the settlement

18    are therefore of substantial benefit to the class.

19        It is clear that the parties were represented by experienced counsel, that the parties engaged

20    in substantial discovery and investigation, and that the settlement was the result of the extensive and

21    arms' length negotiation between the parties conducted during the settlement conference held by

22    Magistrate Judge Zimmerman.

23        Finally, the fact that no class members objected and only one class member opted out

24    indicates a favorable reaction of the class to the proposed settlement.

25        After careful consideration of all matters raised at the hearing and all papers filed by

26    all parties, and all other pleadings, papers and documents on file in this action, and good cause

27    appearing therefore, the Court now approves the Stipulation of Settlement and Plan of Distribution,

28    and enters the Final Judgment which constitutes a final adjudication of the claims asserted

by the named Plaintiffs and the Class Members against Imperial Merchant Services, Inc.,

doing business as Check Recovery Systems ("IMS"), defendant in this action.

ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED AS

FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Action and over all

parties to the Action, including all Class Members.

2. The Stipulation of Settlement ("Stipulation") and Plan of Distribution filed in this

action are incorporated by reference as though set forth in full.

3. The Court finally approves the settlement set forth in the Stipulation of Settlement

and approves the Plan of Distribution proposed by Plaintiffs, and finds that the Stipulation of

Settlement and Plan of Distribution are, in all respects, fair, reasonable and adequate to the Class.

4. This action against IMS is dismissed on the merits and with prejudice.

5. IMS is released and discharged with respect to all claims that were asserted or that

could have been asserted in this Action, whether known or unknown, arising out of the facts

and circumstances surrounding IMS's actions in seeking to collect interest on the checks at

issue, as set forth in the Stipulation of Settlement.

6. The notice of the settlement given to those members of the Class entitled to notice

was the best notice practicable under the circumstances, including individual notice to all

members of the Class entitled to notice who could be identified through reasonable efforts.

The notice provided due and adequate notice of those proceedings and of the matters set

forth in the proposed settlement set forth in the Stipulation and Plan of Distribution to all

persons entitled to notice. The notice fully satisfied the requirements of Rule 23(e) of the

Federal Rules of Civil Procedure and the requirements of due process.

7. Without affecting in any way the finality of the Final Judgment to be entered, this

Court shall retain jurisdiction over: (a) implementation and enforcement of the settlement

and Plan of Distribution; (b) disposition of the Settlement Fund to Damages Class Members;

(c) hearing and determining Plaintiffs' Counsel's application for attorneys' fees, costs,

interest and expenses; and, (d) the Action until the final judgment contemplated in this order

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   has become effective and each and every act agreed to be performed by the parties shall

2   have been performed pursuant to the Stipulation of Settlement and Plan of Distribution.

3

4           IT IS SO ORDERED.

5

6   Dated:  September 27, 2010

7                                                                 _____

8                                                                 DONNA M. RYU
                                                                  United States Magistrate Judge



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28